Noel R. Cain, Grissom & Cain, P.C., Austin, for appellants.

Iris J. Jones, City Atty., Dana K. Johnson, Asst. City Atty., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and SMITH, JJ.

**METRO FUELS, INC. and G. P. Leasing of Austin, Inc., Appellants,**

v.

**CITY OF AUSTIN and Austan S. Librach, Appellees.**

No. 3–91–366–CV.

Court of Appeals of Texas, Austin.

March 18, 1992.

PER CURIAM.

Metro Fuels, Inc. and G. P. Leasing of Austin, Inc., appellants, sued for injunctive relief and a declaratory judgment that the City of Austin's hazardous materials storage and registration ordinance is void because the ordinance is preempted by chapter 26, subchapter I of the Water Code and title 31, chapter 334 of the Texas Administrative Code. Tex.Water Code Ann. §§ 26.-341–.359 (1988 & Supp.1992);[1] Tex.Water Comm'n, 31 Tex.Admin.Code §§ 334.1–.428 (Supp.1991–1992). The district court denied the requested relief. In a single point of error appellants contend that the trial court erred in failing to hold the ordinance

---

**1.** The case was submitted for trial and the judgment was rendered both on June 24, 1991, eight days after the effective date of the 1991 amend-ments to chapter 26, subchapter I of the Water Code. We assume that the district court rendered judgment based on the amended statutes.

is preempted. Because appellants have failed to bring a complete record up on appeal, we will affirm.

The agreed statement of the case recites that the district court took judicial notice of the city ordinance, but a copy of the ordinance is not in the record. This Court requested that appellants file a supplemental transcript containing the city ordinance of which the district court took judicial notice. Appellants have candidly replied that "no record of the ordinance was made at the trial court" and have instead sent a certified copy of sections 9–10–891 through 9–10–932 of the Austin City Code of 1981.[2] Appellants have not requested that this Court take judicial notice of the proffered ordinance. *See* Tex.R.Civ.Evid.Ann. 101(b), 204 (Pamph.1992).

The Texas Rules of Civil Evidence provide that this Court may take judicial notice of the ordinances of municipalities and counties of Texas on the Court's own motion. Tex.R.Civ.Evid.Ann. 204 (Pamph. 1992). This we decline to do. At present, municipal and county ordinances are difficult to research and verify, unlike state agency rules published in the *Texas Register* and *Texas Administrative Code*.[3] Even if this Court were to take judicial notice of the ordinance appellants proffered, there is no showing that this is the version of the ordinance on which the district court rendered its judgment. To enable an appellate court to review a municipal or county ordinance, parties must both comply with the provisions of Rule 204 and make the ordinance part of the trial-court record. *Cf. Hollingsworth v. King*, 810 S.W.2d 772, 774 (Tex.App.), *writ denied per curiam*, 816 S.W.2d 340 (Tex.1991) (holding that unverified copy of municipal ordinance is insufficient to enable appellate court to take judicial notice). Absent such action, the appellate court is unable to ascertain what law was at issue below. Appellants have failed to present a sufficient record to show error requiring reversal, and we overrule their sole point of error. *See* Tex.R.App.P.Ann. 50(d) (Pamph.1992).

The judgment of the district court is affirmed.

---

**2.** The deputy city clerk's certification states in part:

> I, Betty G. Brown, Deputy City Clerk of the City of Austin, Texas do hereby certify that the above and foregoing is a true and correct copy of Chapter 9–10, Section(s) 9–10–891 through 9–10–932 consisting of 16 page(s) of the Austin City Code of 1981, adopted by Ordinance No. 811028–F, on October 28, 1981; and subsequent amendments as codified through Supplement 9.

This standardized form does not explain what actions of the city council are covered in the scope of "Supplement 9." We, therefore, cannot ascertain from the certification whether this was the city ordinance in effect when the district court rendered judgment.

**3.** The provisions of Texas Rule of Civil Evidence 204 that refer to taking judicial notice of the contents of the *Texas Register* and *Texas Administrative Code* are arguably duplicative. *See* Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 4(c) (Supp.1992) (contents of the *Texas Register* are to be judicially noticed); Texas Administrative Code Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13b, § 4 (Supp.1992) (codified rules in the *Texas Administrative Code* are to be judicially noticed). With the advent of systematic publication of state agency rules, it is normally no more necessary for a party to request that the trial court take judicial notice of the contents of the *Texas Register* or *Texas Administrative Code* than it is necessary to request that the trial court take judicial notice of Texas statutes or the contents of Texas appellate cases in the *South Western Reporter*. Municipal and county ordinances, unfortunately, are not capable of such swift and reliable verification.