Melvin R. WALKER and M.R.W.
Restoration Co., Inc., d/b/a A
Restoration Co., Appellants

v.

Paula M. KLEIMAN, Appellee.

No. 01–94–00049–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 6, 1995.

James B. Davis, Carrizo Springs, for appellants.

Lewis W. Jost, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

ANDELL, Justice.

Melvin R. Walker and M.R.W. Restoration Co., Inc., d/b/a A Restoration Co. (A.R.C.) appeal from a judgment awarding Paula Kleiman actual damages of $40,445.22 plus attorney's fees. Walker and A.R.C. raise six points of error primarily complaining of the trial court's imposition of sanctions and challenging the sufficiency of the evidence to support the award of damages. We affirm the trial court's judgment.

### Facts

In November 1992, Kleiman entered into an oral contract with Walker and A.R.C. to repair tornado damage to her home and personal belongings. Walker and A.R.C. agreed to restore the home and personal belongings to their pre-storm condition for the amount of money that Kleiman's insurance company agreed to pay, and the work was to be completed by mid-January 1993. Several installment payments were made to Walker and A.R.C. as the work progressed. When the work was not completed on time, and after Kleiman discovered that (1) several subcontractors had not been paid; and (2) her furniture and clothing had been stored in a warehouse that was not temperature-controlled where they had been allowed to further deteriorate, Kleiman refused to endorse any more checks to Walker or A.R.C. In response, Walker refused to return any of Kleiman's belongings and threatened to sell them to obtain payment.

Kleiman then filed suit against Walker and A.R.C. for breach of contract and violations of the Deceptive Trade Practices—Consumer Protection Act.[1] The trial court issued a temporary restraining order, and later a temporary injunction, which prevented Walker from entering Kleiman's property and from selling or destroying her belongings. The orders also prohibited Walker and A.R.C. from interfering with Kleiman's removal of her furniture and clothing from their warehouse and specifically ordered Walker and the company to allow Kleiman access to the warehouse on a specified date. When Walker refused to comply with the court's order, Kleiman filed contempt proceedings against Walker and A.R.C. At those proceedings, the trial court again had to order appellants to abide by the previous orders.

A.R.C. and Walker both filed answers to the lawsuit, and A.R.C. filed a counterclaim seeking attorney's fees and payment on the contract. Kleiman thereafter served interrogatories and requests for admissions and production of documents on Walker. After advising his clients of the deadlines concerning the discovery requests and the trial setting in the case, the attorney representing both Walker and the company was allowed to withdraw from the case. Walker did not respond to any of the discovery requests, nor

---

1. Tex.Bus. & Com.Code Ann. § 17.50 (Vernon 1991).

did he or the company participate in a pre-trial scheduling order.

Neither Walker nor the company hired another lawyer to represent them; instead they filed a motion for continuance immediately before trial. The trial court heard their motion but denied it.[2] Walker, therefore, proceeded pro se, and A.R.C. did not appear. Before the evidentiary portion of the trial began, Kleiman's attorney moved for a post-answer default judgment as to A.R.C.'s liability based on its failure to appear. The trial court orally granted this motion, and Kleiman proceeded with her evidence. When Walker attempted to present witnesses and documentary evidence on his own behalf, the trial court excluded the evidence due to Walker's failure to answer the interrogatories and requests for admissions and production of documents. The trial court rendered judgment that Kleiman recover $40,445.22 plus attorney's fees jointly and severally from Walker and A.R.C. and that A.R.C. take-nothing by way of its counterclaim. On appeal, Walker and A.R.C. have filed a single brief complaining of the trial court's judgment.

### Post–Answer Default

■ In the first point of error, A.R.C. asserts that the trial court erred in rendering a default judgment as to its liability.

A.R.C. filed an answer and a counterclaim to the lawsuit, but failed to appear at trial; therefore, this was a post-answer default. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979).

A post-answer 'default' constitutes neither an abandonment of [the] defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial.

*Id.* Kleiman, therefore, had the burden to prove both liability and damages. *Id.; see also, Stone Resources, Inc. v. Barnett,* 661 S.W.2d 148, 151 (Tex.App.—Houston [1st Dist.] 1983, no writ) (in post-answer default judgment, plaintiff must prove all elements of its cause of action).

A.R.C. contends that a default was rendered before there had been any proof of its liability. Although the record reflects that Kleiman made an oral motion for default as to A.R.C.'s liability at the beginning of the trial and the trial court stated that it would be granted, Kleiman presented evidence on both liability and damages. Therefore, the error, if any, that resulted from the trial court's statement is harmless. *See* TEX. R.APP.P. 81(b)(1) (error deemed reversible only if, when viewed in light of totality of circumstances, it amounted to such a denial of rights of complaining party that it was reasonably calculated to cause, and probably did cause, rendition of improper judgment).

We overrule the first point of error.

### Contractual Relationship

■ In the second point of error, A.R.C. contends that the trial court erred in rendering judgment against it because Kleiman failed to prove that any contractual relationship existed between her and A.R.C.

In the counterclaim that it filed against Kleiman seeking payment on the contract, A.R.C. asserted that Kleiman entered into a contract with A.R.C. to repair and restore her home and personal possessions. Assertions of fact, not pled in the alternative, contained in the live pleadings of a party constitute formal judicial admissions and are binding on the party making them. *Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc.,* 748 S.W.2d 541, 542, (Tex.App.—Houston [1st Dist] 1988, writ denied). The counterclaim remained a live pleading at the time of trial. Therefore, A.R.C. judicially admit-

2. The case had only been on file for approximately four and a half months. While we have sympathy for the position in which appellants found themselves, the failure of the trial court to grant the motion for continuance is not properly before us. Although appellants' attorney complained of the trial court's ruling at oral argument, it was neither raised as a point of error, nor argued or briefed. Any complaint about the trial court's failure to grant the motion for continuance is, therefore, waived. TEX.R.APP.P. 74(d), (f).

ted that it had a contractual relationship with Kleiman.

We overrule the second point of error.

### Counterclaim

■ In the third point of error, A.R.C. maintains that the trial court erred in rendering a take-nothing judgment on its counterclaim.

The counterclaim alleged that A.R.C. had entered into a contract with Kleiman to repair her home and personal possessions and that Kleiman refused to pay the reasonable charges for these services despite the fact that A.R.C. had performed the services in a good and workmanlike manner. A.R.C. contends that it did not appear at the trial, and no evidence regarding the counterclaim was presented. Therefore, it argues, the trial court did not have the jurisdiction or authority to render a take-nothing judgment on the counterclaim, but rather was only empowered to dismiss the counterclaim without prejudice.

A.R.C. cites *Attorney General ex rel. Hull v. Rideaux*, 838 S.W.2d 340 (Tex.App.—Houston [1st Dist.] 1992, no writ) and *Lum v. Lacy*, 616 S.W.2d 260 (Tex.App.—Houston [1st Dist.] 1981, no writ) to support its position. Both cases are distinguishable from the current appeal. In those cases, the plaintiffs' suits were dismissed for want of prosecution. Although appellants contend that the cases held that a trial court errs by rendering a take-nothing judgment when a party fails to appear for trial, the holdings were predicated on the fact that no *trial on the merits* was conducted. Here, the counterclaim was not dismissed for want of prosecution and a trial on the merits was conducted; A.R.C. simply failed to appear. We hold that a trial court may properly render a take-nothing judgment on a counterclaim when a defendant fails to appear at a trial on the merits and present evidence on such claim. *See, e.g., Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 140 (Tex.1994) (trial court rendered take-nothing judgment on counterclaim of defendant who failed to appear for trial).

We overrule the third point of error.

### Sufficiency of the Evidence

In points of error four and five, both Walker and A.R.C. challenge the legal and factual sufficiency of the evidence to support the trial court's award of actual damages to Kleiman.

■ When a party challenges the legal sufficiency of an adverse finding, it must demonstrate that there is no evidence to support the finding. In reviewing a "no evidence" point of error, an appellate court must consider only the evidence and inferences that tend to support the finding and must disregard all contrary evidence and inferences. *Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex.1992). If there is any evidence of probative force to support the finding, it will be upheld. *Southern States Transp., Inc. v. State*, 774 S.W.2d 639, 640 (Tex.1989).

■ When a party claims that the evidence is factually insufficient to support a finding, the appellate court must consider all of the evidence presented. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). The court will set aside the finding only if the evidence is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

■ Kleiman and her expert, Nile Newell, testified that Kleiman has incurred the following damages:

1) $8,464.00 that Kleiman paid for Walker and A.R.C. to restore her furniture and clothing to pre-storm condition (work was not done);

2) $6,444.00 for living expenses between January 15, 1993, the date that Walker and A.R.C. were to have finished the project, and the date the home is expected to be completed;

3) $1,250.00 for moving fees to recover the personal possessions held by Walker and A.R.C.;

4) $924.80 paid by Kleiman and her insurance company to Walker and A.R.C. to replace her home alarm (work was not done);

5) $431.76 for utility expenses incurred by Kleiman for Walker and A.R.C.'s unauthorized use;

6) $1058.00 that Kleiman has had to pay to drywall and wallpaper subcontractors (Walker and A.R.C. did not pay them);

7) $5,000 for emotional distress; and

8) $16,925.00, which is the amount that it will cost to complete the structural repairs to Kleiman's home.

These amounts indicate that Kleiman has suffered damages in the amount of $40,402.76; therefore, there was some evidence to support the trial court's award of $40,445.22 and this amount is not against the great weight and preponderance of the evidence.

We overrule points of error four and five.

### Discovery Sanctions

■ In the last point of error, Walker contends that the trial court erred in imposing discovery sanctions on him which prevented him from presenting a defense.

Walker attempted to introduce documentary evidence during his cross-examination of Kleiman. The trial court refused to admit the documents, however, because Walker had not provided them in response to proper discovery requests by Kleiman. Again, when Walker attempted to call his first witness, the trial court refused to allow the witness to testify because she had not been identified in response to interrogatories as a person with knowledge of relevant facts.

It is undisputed that Kleiman served interrogatories and requests for admissions and production of documents on Walker. Although Walker admits that the discovery answers were not filed with the trial court, he argues that he delivered them to the last known address of Kleiman's attorney. Kleiman's attorneys, on the other hand, testified that they never received the documents. Walker argues that under these circumstances, the trial court's actions violated the principles of *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991). We need not reach this issue, however, because Walker has failed to preserve the error, if any.

Texas Rule of Civil Evidence 103(a)(2) provides that error may not be predicated upon a ruling which excludes evidence unless the substance of the evidence was made known to the court by offer. Here, Walker attempted to introduce several documents while cross-examining Kleiman. The nature and substance of those documents, however, is unknown. Similarly, when the trial court did not allow Walker to call Mary Boone as his first witness, Walker failed to make any showing as to what her testimony would have been. Furthermore, although he summarily argues that the trial court erred by precluding him from offering any evidence, he failed to show that he intended to call other witnesses or offer further documentary proof. In the absence of a bill of exceptions or an offer of proof, this Court has no basis to review a contention that the trial court committed reversible error by preventing Walker from introducing documents and excluding the testimony of unknown witnesses. TEX. R.CIV.EVID. 103(a)(2); *Weng Enter., Inc. v. Embassy World Travel, Inc.*, 837 S.W.2d 217, 221 (Tex.App.—Houston [1st Dist.] 1992, no writ).

We overrule the last point of error.

We affirm the judgment of the trial court.