**Warren Neal KAMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–00289–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1996.

Sam Melamed, Houston, for appellant.

John B. Holmes, Alan Curry, Casey O'Brein, and Mike Anderson, Houston, for appellee.

Before O'CONNOR, HUTSON–DUNN and ANDELL, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

We grant the appellant's motion for rehearing, withdraw our February 1, 1996 opinion, and substitute the following opinion in its place. Our February 1, 1996 judgment remains unchanged.

The subject of this appeal is denial of habeas corpus relief. Because the record is insufficient, we affirm without reaching the merits of the case.

On January 8, 1994, the State filed a criminal complaint against appellant Warren Kaman alleging he committed the offense of engaging in organized criminal activity in cause number 94–00635.[1] Shortly thereafter, the State initiated forfeiture proceedings in cause number 94–03552 against the seized property, $29,003 in currency and $3,000 in money orders.[2] In its forfeiture petition, the State alleged the seized property was contraband as defined by TEX.CODE CRIM.P. art. 59.01 (Supp.1996).[3] On May 28, 1994, the trial court rendered a default forfeiture judgment against the appellant for $26,503 in cash. The trial court on December 14, 1994 rendered a nunc pro tunc forfeiture judgment against the appellant for $26,503 in cash and $3,000 in money orders.[4]

The appellant filed an application for a pre-trial writ of habeas corpus in cause number 683,646, asserting his criminal prosecution should be barred by double jeopardy because of the forfeiture action. The trial court granted the application for a writ of habeas corpus. At the conclusion of the hearing, the trial court denied the appellant's

---

1. *State v. Kaman*, No. 94–00635 (337th Dist.Ct., Harris County, Tex., complaint filed Jan. 8, 1994); *see* Act of May 27, 1991, 72d Leg., R.S., ch. 555, sec. 1, § 71.02, 1991 Tex.Gen.Laws 1968, 1969 (TEX.PENAL CODE § 71.02, since amended).

2. *State v. $29,003 in United States Currency*, No. 94–003552 (333d Dist.Ct., Harris County, Tex., filed Jan. 25, 1994).

3. "Contraband" is defined, in part, as follows: property of any nature that is (1) used in the commission of a first or second degree felony, (2) proceeds gained from the commission of such a felony or a crime of violence, or (3) acquired with proceeds gained from the commission of such a felony or a crime of violence. TEX.CODE CRIM.P. art. 59.01(2)(A)(i), (C), (D) (Supp.1996). The State's petition was conclusory in nature and did not specify the underlying felony or crime of violence: "Petitioner alleges that said property is contraband as defined by Article 59.01 of the Code of Criminal Procedure and is thereby subject to forfeiture. Said property was seized on the 8th day of January 1994, in Harris County, Texas." Because the appellant did not appear in the forfeiture proceeding, he obviously did not file special exceptions to the State's petition.

4. No one has challenged the validity of the trial court's action in rendering the nunc pro tunc judgment. *See* TEX.R.CIV.P. 316 (allowing correction of clerical mistakes in judgment).

requested relief.[5] In the appellant's sole point of error, he contends the trial court erred in failing to conclude that the civil forfeiture constitutes punishment for purposes of the fifth amendment.

It is the burden of the petitioner at a habeas hearing to present evidence in support of his allegation of former jeopardy. *State v. Romero*, 907 S.W.2d 858, 860 (Tex. App.—Houston [1st Dist.] 1995, pet. filed); *Hoang v. State*, 810 S.W.2d 6, 8 (Tex.App.— Dallas 1991), *aff'd*, 872 S.W.2d 694 (Tex.Crim. App.1993). In their briefs, both the appellant and the State presume the appellant has been indicted for engaging in organized criminal activity. The indictment, however, is not part of the record before this Court.[6] In addition, neither the State's notice of seizure and forfeiture, the default forfeiture judgment, nor the nunc pro tunc default forfeiture judgment specifies the underlying offense that makes the currency "contraband" subject to seizure and forfeiture.

Because this is a pre-conviction application for writ of habeas corpus, the State had the initial burden of proof to make a prima facie showing the appellant was properly held in custody or was otherwise properly restrained. *See Ex parte Williams*, 587 S.W.2d 391, 391 (Tex.Crim.App.1979). The State typically meets this prima facie burden by introducing into evidence (1) the sheriff's return of the writ of habeas corpus and (2) the indictment or information. *See Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex.Crim.App. 1980). The burden of proof then shifts to the petitioner to establish entitlement to habeas corpus relief. *See id.* at 545. In this case, the State did not have to meet its prima facie

burden because the appellant asked the trial court to take judicial notice of both (1) the sheriff's return of the writ of habeas corpus and (2) the indictment. *See* Tex.R.Crim. Evid. 201. Neither the appellant nor the State, however, made the indictment part of the trial court record.

The usual method for making a document from an earlier case part of the record of the current case is to introduce the document and have it admitted into evidence. The document can then be brought to the appellate court as an exhibit to the statement of facts. *See* Tex.R.App.P. 53(a); *Davis v. Davis*, 521 S.W.2d 952, 954 (Tex.App.—Fort Worth 1975, no writ). Papers from a cause other than the cause from which the appeal is taken are not properly part of the transcript. *Davis*, 521 S.W.2d at 954 (interpreting former Tex.R.Civ.P. 376, now Tex.R.App. 51(a)).

An alternate method to include a document from an earlier case in the record is to request the trial court to take judicial notice of the document. *See* Tex.R.Crim. Evid. 201. The future appellant, however, must ensure that the document is included in the appellate record, along with the trial court's ruling on the request for judicial notice. *See Metro Fuels, Inc. v. City of Austin*, 827 S.W.2d 531, 532 (Tex.App.—Austin 1992, no writ). If a party makes an *oral* request for judicial notice, then the future appellant should (1) ensure the court reporter marks the judicially noticed document as an exhibit and (2) request a statement of facts which

---

5. The trial court's judgment inaccurately refers to denying the application for writ of habeas corpus, rather than (1) denying the relief requested, *i.e.*, that the habeas corpus applicant be either admitted to bail or discharged from custody, and (2) remanding the applicant into custody. *See* Tex.Code Crim.P. art. 11.44 (1977); *LeBlanc v. State*, 826 S.W.2d 640, 642–43 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd).

6. In his motion for rehearing, the appellant claims the indictment is part of the transcript because the indictment is attached as an exhibit to his application for writ of habeas corpus. We disagree because the exhibit to which the appellant refers is not the indictment, but rather the

criminal complaint filed by the Harris County District Attorney. *See* Tex.Code Crim.P. arts. 2.04, 2.05, 15.04, 15.05 (1977) (discussing criminal complaints). Even if a document that purported to be the indictment were physically present in the transcript in cause number 683,646 as an exhibit to the application for writ of habeas corpus, the State could properly object to any use of the document on appeal because the trial court clerk cannot certify that the document is a true and correct copy of the original indictment filed in cause number 94–00635. *See Atchison v. Weingarten Realty Management Co.*, 916 S.W.2d 74, 76–77 (Tex.App.—Houston [1st Dist.] 1996, no writ).

includes that exhibit.[7] If a party makes a *written* request for judicial notice to which the document is attached as an exhibit, then the future appellant should (1) ensure that the written request and exhibit are on file with the trial clerk and (2) request a transcript which includes that written request and exhibit.

▆ The burden is on the appellant to see that a sufficient record is presented to the appellate court to show error requiring reversal. TEX.R.APP.P. 50(d). This Court cannot consider an item that is not a part of the record on appeal. *$429.30 in United States Currency v. State*, 896 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Nuby v. Allied Bankers Life Ins. Co.*, 797 S.W.2d 396, 398 (Tex.App.—Austin 1990, no writ); *Gowan v. Reimers*, 220 S.W.2d 331, 336 (Tex.App.—Fort Worth 1949, writ ref'd n.r.e.). Without (1) pleadings that amount to a judicial admission, findings of fact and conclusions of law, or a judgment in the forfeiture proceeding that specifies the earlier offense; and (2) the indictment in the criminal prosecution, this Court cannot determine whether the underlying offense that made the currency "contraband" subject to seizure and forfeiture and the offense with which he stands charged are the same offense for purposes of double jeopardy. *See Walker v. Kleiman*, 896 S.W.2d 413, 415 (Tex.App.—Houston [1st Dist.] 1995, no writ) (factual assertions in State's pleadings in civil forfeiture case considered judicial admissions). The appellant, therefore, has not established his double jeopardy claim on appeal. We overrule the appellant's sole point of error.

We affirm the trial court's judgment.

---

**7.** If the document is short, the future appellant could also have the document read into the record so the document's text would be transcribed as part of the statement of facts.