Reversed and Rendered and Opinion filed June 6, 2002














Reversed and
Rendered and Opinion filed June 6, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01106-CV

_______________

 

PABLO
RENTERIA, INDIVIDUALLY 

AND D/B/A
RENTERIA VAN TOURS, Appellant

 

V.

 

GERARDO C. TREVINO, Appellee

____________________________________________

 

On Appeal from
the County Civil Court at Law No. 4

Harris County, Texas

Trial Court
Cause No. 740,762

____________________________________________

 

O P I N I O N

            This is an appeal from a post-answer
default judgment.  We find there was
legally insufficient evidence of damages to sustain the judgment.  Accordingly, we reverse.

Background

            Appellee
Gerardo C. Trevino filed a breach of contract—failure to pay rent—claim against
appellant Pablo Renteria, individually and doing
business as Renteria Van Tours.  Trevino alleged that he leased certain
property to Renteria in exchange for $1,600.00 per
month.  Trevino and Renteria
later agreed that Renteria would send the rent to the
IRS in lieu of sending rent to Trevino.[1]  Trevino further alleged that Renteria failed to pay rent to him or the IRS for fifteen
months and failed to show proof he made such payments to the IRS.  Trevino sought damages and attorney’s
fees.  Renteria
filed an answer but did not appear for trial.[2]  

            Following trial, the court granted
Trevino’s motion for default judgment and awarded Trevino, among other things,
$17,600.00 in actual damages.  Renteria appeals, raising four points of error.

Discussion

            In his first point of error, which
is dispositive of this appeal, Renteria
complains that the trial court erred by granting a judgment against him and in
favor of Trevino for $17,600.00 in actual damages because there was no evidence
to support the finding that Renteria owed that
sum.  Although neither party[3]
addressed it, we must determine from the outset whether Renteria
preserved his legal insufficiency complaint.

            When appealing from a non-jury
trial, an appellant is not required to preserve allegations of legal
insufficiency.  O’Farrill Avila v. Gonzalez, 974 S.W.2d 237, 248 (Tex. App.—San Antonio
1998, pet. denied) (op. on reh’g).  Those claims may be raised for the first time
on appeal.  Id.; see Tex.
R. App. P. 52(d)[4]
(providing preservation not required, after nonjury
trial, for legal sufficiency claims) (replaced and modified by Texas Rule of
Appellate Procedure 33.1);  Regan v. Lee, 879 S.W.2d 133, 136 (Tex.
App.—Houston [14th Dist.] 1994, no writ) (interpreting the amended Rule 52(d)
and holding that challenges to legal sufficiency can be made for the first time
on appeal from nonjury trials); Tex. R. App. P. 33.1 (comment) (stating
former Texas Rule of Appellate Procedure 52 is embodied in Texas Rule of Civil
Procedure 324 and that Rule 52(d) was omitted as unnecessary); Tex. R. Civ. P. 324(a)–(b)[5]
(providing a point in a motion for new trial is a prerequisite to a complaint
on appeal of insufficiency of the evidence only in a jury trial); Owen v. Porter, 796 S.W.2d 265, 268
(Tex. App.—San Antonio 1990, no writ).

            This case was tried to the
bench.  Accordingly, even though Renteria did not address legal insufficiency in his motion
for new trial, we may review sufficiency of the evidence supporting the trial
court’s finding that Trevino sustained damages of $17,600.00.  See O’Farrill, 974 S.W.2d at 248.  

            In a post-answer default judgment
case, judgment cannot be entered on the pleadings because the plaintiff must
offer evidence and prove his case as in a judgment upon a trial.  Stoner
v. Thompson, 578 S.W.2d 679, 682 (Tex.
1979).  A post-answer default judgment
constitutes neither an abandonment of the defendant’s answer or an implied
confession of any issues.  Id.   The elements of a breach of contract action
are (1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of the contract by the defendant; and
(4) damages sustained by the plaintiff as a result of the breach.  Frost
Nat’l Bank v. Burge, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th
Dist.] 2000, no pet.).

            Because  Renteria filed an
answer, Trevino had the burden to prove each element of his breach of contract
action.  See Walker v. Kleiman, 896 S.W.2d 413,
415 (Tex. App.—Houston [1st Dist.] 1995, no writ).  After a careful review of the record, we
conclude that Trevino failed to prove that Renteria
actually did not pay the IRS on his
behalf.  In other words, Trevino failed
to present any evidence of damages.[6]  We, therefore, find that Trevino failed to
present legally sufficient evidence to establish a breach of contract.  See
Sutton v. Hisaw
& Assocs. Gen. Contractors, Inc., 65 S.W.3d 281, 285 (Tex. App.—Dallas
2001, pet. denied).

            Accordingly, we sustain Renteria’s first point of error.  We reverse the trial court’s judgment and
render judgment that Trevino take nothing on his breach of contract claim
against Renteria.[7]  This ruling renders our consideration of Renteria’s remaining points of error unnecessary.  

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Opinion filed June 6, 2002.

Panel consists of Justices Yates, Seymore, and
Guzman.

Publish — Tex. R. App. P. 47.3(b).

 











            [1]  Beginning in February 1999, Renteria was to forward his rent payments to the IRS, which
had allegedly levied on Trevino’s right to receive those payments from Renteria.  





            [2]  In his motion for new trial, but not in this
appeal, Renteria argued that he did not receive
notice of the trial setting.  During the
trial, however, the court took notice that Trevino sent a copy of the notice of
trial setting to Renteria in accordance with the
governing rules.  





            [3]  Trevino did not file an appellee’s
brief.





            [4]  Rule 52(d) was amended in 1990 to clarify
appellate requisites from nonjury trials and provided
as follows:

 

A party
desiring to complain on appeal in a nonjury case that
the evidence was legally or factually insufficient to support a finding of
fact, that a finding of fact was established as a matter of law or was against
the overwhelming weight of the evidence, or of the inadequacy or excessiveness
of the damages found by the court shall not be required to comply with paragraph
(a) of this rule.

Tex. R. App. P. 52(d) (Repealed).





            [5]  Rule 324(a)–(b) provides the following:            

 

(a) Motion
for New Trial Not Required.   A point in
a motion for new trial is not a prerequisite to a complaint on appeal in either
a jury or a nonjury case, except as provided in
subdivision (b).

 

(b) Motion
for New Trial Required.  A point in a
motion for new trial is a prerequisite to the following complaints on appeal:

 

(1) A
complaint on which evidence must be heard such as one of jury misconduct or newly
discovered evidence or failure to set aside a judgment by default;

(2) A
complaint of factual insufficiency of the evidence to support a jury finding;

(3) A
complaint that a jury finding is against the overwhelming weight of the
evidence;

(4) A complaint
of inadequacy or excessiveness of the damages found by the jury;  or

(5)
Incurable jury argument if not otherwise ruled on by the trial court.





            [6]  We also note that Trevino failed to offer a
copy of the parties’ contract into evidence. 
Trevino testified that he signed an agreement to lease a former used car
lot to Renteria for three years at $1600.00 per
month.  Texas Business and Commerce Code
section 26.01(b)(5) provides that a promise or agreement to lease real estate
for a term longer than one year is unenforceable unless the promise or
agreement, or a memorandum of it, is (1) in writing and (2) signed by the
person to be charged with the promise or agreement or by someone lawfully
authorized to sign for him.  Tex. Bus. & Com. Code Ann. §
26.01(a), (b)(5) (Vernon 1987).





            [7]  Trevino argued for attorney’s fees as a
one-third contingency of the judgment amount. 
Our rendering a take-nothing judgment on Trevino’s breach of contract
claim necessarily invalidates the trial court’s judgment for attorney’s fees.