J. M. GATLIN v. W. C. DIBRELL.

No. 6228.

**Contradicting Sheriff's Return.**—The return of the sheriff upon the citation to the defendant was in form full and correct. An attempt to contradict it was made in a motion to set aside a judgment by default, etc. *Held*, that the unsupported testimony of one witness contradicting the return was insufficient.

APPEAL from Coleman. Tried below before Hon. J. C. Randolph. The opinion states the case.

*Woodward & Wilkes,* for appellant, cited Rev. Stats., arts. 1219, 1220; Fitzhugh v. Hall, 28 Texas, 558.

*Sims & Snodgrass,* for appellee.—The return by the sheriff was regular. There was no affidavit of merits in the defense supporting the motion. Freem. on Judg., 3 ed., sec. 108; Foster v. Martin, 20 Texas, 122; Cochrane v. Middleton, 13 Texas, 275.

ACKER, PRESIDING JUDGE.—W. C. Dibrell brought this suit in the District Court of Coleman County on a joint and several promissory note executed by F. W. Dudley, J. W. Day, and appellant J. M. Gatlin, who resided in Concho County. Process was regularly issued for each of the defendants, but no return of service was made as to Dudley or Day and the suit was dismissed as to them. The sheriff of Concho County made the following return of service on the citation against appellant: "Executed the 19th day of February, A. D. 1887, by delivering to J. M. Gatlin, the within named defendant, in person, a true copy of this writ together with the accompanying certified copy of plaintiff's petition."

On the 25th day of March, 1887, judgment was rendered by default against appellant. On the 28th day of March, 1887, counsel for appellant filed a motion to set aside the judgment and for a new trial, which was overruled.

The only assignment of error presented is: "The court erred in rendering judgment against this defendant J. M. Gatlin, he never having been served with citation and copy of plaintiff's petition."

The return by the sheriff on the process against appellant was in strict compliance with the requirements of law and showed perfect service. The motion to set the judgment aside was an attempt to impeach the return. Neither fraud nor mistake was charged. It was simply alleged that appellant had not been served with process as shown by the return. The motion was not sworn to nor did appellant testify in support of it. Dudley, one of the defendants, made affidavit in support of the motion to the following facts: That he was present at the house of the appellant when the officer left the copy of citation and copy of the petition there; that appellant was not there at the time but came in soon after; that the officer delivered the papers to appellant's wife and went away; that he examined the papers after the officer left and saw what they were, and immediately left for eastern Texas to avoid service upon him; that appellant did not look at the papers. No other evidence was offered to contradict the return.

The return of the officer imports absolute verity and was sufficient to authorize the rendition of judgment upon default on the part of appellant, and we think the court did not err as alleged in the assignment.

If there was error at all it was in the ruling of the court denying the motion to set aside the judgment, which is not complained of.

If the action of the court in overruling the motion was complained of here so as to require our decision upon it, we are clearly of opinion that the evidence offered to prove the falsity of the return was wholly insufficient. In the case of Randall v. Collins, 58 Texas, 232, it is said: "But assuredly if equity will allow one who has been guilty of no fault or negligence to contradict the sheriff's return by parol evidence for the purpose of having an unjust judgment by default set aside, we are of opinion that it should require the evidence to be clear and satisfactory. It is not like an ordinary issue of fact, to be determined by a mere preponderance of testimony." In the same case the court quotes with approval from the case of Driver v. Cobb, 1 Tennessee Chancery, 490, the following language: "Nor will one witness alone suffice to successfully impeach the return, for that would only be oath against oath. In analogy to the denials or averments of a sworn answer upon the defendant's knowledge there should be two witnesses or one witness with strong corroborating circumstances. And without reference to this rule upon general principles it would seem essential to the peace and quiet of society that these solemn official acts should not be set aside with the same ease as an ordinary act *in pais.*"

There was no averment in the motion that the judgment was unjust or that appellant had a meritorious defense to the action.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 14, 1889.