**SANDERS et ux. v. HARDER.**

No. 6455.

Court of Civil Appeals of Texas. Texarkana.

Sept. 15, 1949.

Rehearing Denied Sept. 15, 1949.

C. B. Bunkley, Jr., Dallas, W. J. Durham, Dallas, for appellants.

J. C. Dorbandt, Tyler, for appellee.

HALL, Chief Justice.

Our attention has been directed to a misstatement of certain facts in our original opinion handed down on June 30, 1949. To correct such misstatement we are withdrawing our original opinion and substituting this opinion therefor.

Appellee filed a motion in the court below to revive a judgment rendered by default June 17, 1941, against appellants, Jim Sanders and wife, Jessie Sanders, in a trespass to try title action wherein appellee was awarded title and possession of an 86.27-acre tract of land located in Smith County, Texas. In his motion appellee alleged that the June 17, 1941 judgment awarding him title and possession of the land was not appealed from and is now binding and proved, that scire facias issue; that the judgment be revived, and for writ of possession and execution. Appellants answered denying that any legal judgment was ever rendered against them in 1941, for the reason that no legal service of citation was ever had upon them prior to the date of the rendition of the 1941 judgment and that they had no knowledge of the filing of that case, either directly or indirectly, until a long time after the rendition of the judgment. Appellants alleged further that they had a meritorious defense to that suit and were prevented from presenting such defense because of lack of service of citation upon them and that the judgment is therefore void. They also alleged that the judgment is void because it failed to describe the property embraced in the lawsuit and because the citation with the officer's return had only been on file one day when default judgment was rendered. Trial was to a jury upon two special issues, both of which were answered favor-

ably to appellants. Motion of appellee for judgment non obstante veredicto was granted by the trial court and judgment was entered for him.

Appellants' Point One asserts that the trial court erred in rendering judgment against them notwithstanding the verdict because this was not a case where a directed verdict would have been proper in the first instance. This point, in our opinion, presents a controlling question on this appeal.

The citation forming the basis of the 1941 judgment was issued out of the District Court of Smith County on the 28th day of May, 1941, delivered to the sheriff of Smith County the next day, and his return shows that it was served by one of his deputies at four o'clock on the afternoon of May 29th, 1941, by delivering a copy of said citation to each appellant, Jim Sanders and his wife, Jessie Sanders, at Tyler, Texas. The blank showing actual and necessary mileage traveled in the service of the citation is left blank, but under fees for serving the two copies, the mileage is shown to be thirty miles traveled, for which the correct fee is charged. Odie Hicks, the deputy who served the citation, testified that he did not serve appellants in Tyler but at their home between Tyler and the town of Troupe in Smith County; that he showed on his return that they were served in Tyler because it was his opinion that appellants received their mail on a rural route out of Tyler and he so made his return. The default judgment also recited service. Appellants, Jim and Jessie Sanders, denied ever having been served with citation in the 1941 case.

The facts were undisputed that Jim Sanders purchased the tract of land here in controversy in 1925, moved upon it in January, 1926, and since said date the land has been his homestead. He and Jessie were married in 1933, and since that date she has occupied the property together with Jim as her homestead. The above is the state of the record with respect to the service of citation, supporting the 1941 default judgment.

It is now the law in this state and has been for many years that to contradict an officer's return on citation by parol evidence, the testimony must be clear and satisfactory, and more than a mere preponderance of the testimony, for the reason that an officer's return imports absolute verity. In Gatlin v. Dibrell, 74 Tex. 36, 11 S.W. 908, 909, we find the following quotation from the case of Driver v. Cobb, 1 Tenn.Ch. 490, cited with approval: "Nor will one witness alone suffice to successfully impeach the return, for that would only be oath against oath. In analogy to the denials or averments of a sworn answer upon the defendant's knowledge, there should be two witnesses, or one witness with strong corroborating circumstances; and, without reference to this rule, upon general principles, it would seem essential to the peace and quiet of society that these solemn official acts should not be set aside with the same ease as an ordinary act in pais."

The rule in this state seems to be that to contradict the officer's return there should be at least one witness strongly corroborated by other facts and circumstances.

In Panhandle Construction Co. v. Casey, Tex.Civ.App., 66 S.W.2d 705, 706, writ refused, is the following summary of the rules which affect the controversy here: "(1) Such evidence must be clear and satisfactory and an officer's return on the citation showing service may not be impeached by the testimony of one witness unless strongly corroborated by other evidence; (2) such corroborating evidence must come from other sources than the witness whose testimony requires corroboration; (3) the corroborating evidence may consist of facts and circumstances tending to show that the direct evidence to be corroborated is worthy of credit, but is not required to be direct and positive. Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731, and authorities there cited."

The only corroboration we find in this record of the testimony of appellants, Jim and Jessie Sanders, is the circumstance of their being permitted to remain

upon the property here in controversy, using and enjoying the same as their homestead for more than seven years after the 1941 judgment before any action was taken by appellee to disturb their possession and the discrepancy on the sheriff's return of the citation in the 1941 case wherein he showed that the parties were served in Tyler and that he traveled a distance of fifteen miles from Tyler to serve them. This discrepancy in the light of the logical explanation of the deputy sheriff who served the citation ceases to be a discrepancy. The deputy sheriff testified, as shown above, that he served appellants at their home about fifteen miles from Tyler toward the town of Troupe, Smith County, Texas, and that his reason for showing that they lived in Tyler or that the service was in Tyler was his assumption that they were on a rural route out of Tyler. The above circumstances is all the corroboration of their testimony found in this record. The testimony of the parties, under the circumstances here, cannot corroborate each other. It is our opinion that the corroborating circumstances do not meet the requirement of the law that the testimony of appellants must be strongly corroborated so as to be clear and convincing and for that reason is not sufficient to overturn and destroy the solemn official act of the sheriff of Smith County showing service of citation on appellants. Gatlin v. Dibrell, supra; Pierce Fordyce Oil Ass'n v. Staley, Tex.Civ.App., 190 S.W. 814; Joseph v. Kiber, Tex.Civ.App., 260 S.W. 269; Johnson v. Cole, Tex.Civ.App., 138 S.W.2d 910, writ refused, and authorities there cited.

We have carefully considered the cases of Panhandle Construction Co. v. Casey, Tex.Civ.App., 66 S.W.2d 705, writ refused; Harrison v. Sharpe, Tex.Civ.App., 210 S. W. 731, writ refused; and West v. Dugger, Tex.Civ.App., 278 S.W. 241, cited and relied upon by appellants. These cases, in our opinion, are not controlling of the issue here. The fact situation in each of the above cases clearly distinguishes them from the case at bar.

It is our opinion that the trial court correctly entered judgment for appellee non obstante veredicto upon his motion therefor.

We have examined the other assignments advanced by appellants and have concluded that they are without merit and are overruled.

The judgment of the trial court is affirmed.

WILLIAMS, Justice (dissenting).

I am in accord with the majority opinion with respect to the quantum of proof required to impeach an officer's return showing service of citation, but do not feel that the evidence here warrants the court to set aside the jury's verdict which found "from a preponderance of the evidence that defendants were not served with citation" and render judgment for plaintiffs.

Seven years elapsed between the date of judgment and the present action to revive same. The long wait to enforce the original judgment and obtain possession unexplained, as here, lends support to defendants' claim that they had not been served. It is not in keeping with human nature for a couple, as here, to sit idly by and permit their home to be taken away from them without some type of contest. Defendants in answering the present action alleged that plaintiff is claiming title to their homestead "under and by virtue of a purported sale under a writ of execution for costs issued out of cause No. 7463 * * * rendered on September 28, 1937, and that the debt for which said purported sale was made of their homestead is prohibited by the Constitution of Texas, * * * a defense which they would have urged if they had been served."

A development of the matters indicated, together with the whereabouts of defendant's wife on the date of the alleged service, all bearing on the issue of corroboration, should warrant a reversal of the judgment and a remand of the case that justice may be had.