Jimmy DAVIS, Appellant,

v.

Diane DAVIS, Appellee.

No. 17604.

Court of Civil Appeals of Texas,
Fort Worth.

March 28, 1975.

Price, Fisher, Patton & McLemore and Jack N. Price, Longview, for appellant.

Lonnie H. Robin, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal by writ of error from a divorce · judgment in Tarrant County, Texas, dissolving the marriage of Diane Davis, plaintiff, and Jimmy Davis, defendant, awarding custody of the couple's three minor children to plaintiff and child support to be paid by defendant within 60 days after his release from the Federal Penitentiary in Leavenworth, Kansas.

Defendant contends that this case should be reversed because he was not present, did not participate in the trial, did not receive a notice of the petition of the divorce, and was not aware of the action until it was concluded.

By the second point of error defendant claims error because the Tarrant County divorce is a nullity because this marriage had heretofore been dissolved by judgment in a Gregg County, Texas, suit.

Each of these points are overruled.

The divorce proceedings were regular on their face. The petition contained all the allegations required by law. After the divorce petition was filed a citation was issued, regular on its face. The return thereon was made by a deputy sheriff of Leavenworth, Kansas, reciting that the defendant was served on December 18, 1973, by delivering to the defendant personally a true copy of the citation together with the accompanying copy of plaintiff's original petition, having first indorsed on same the date of delivery. This return was made under oath and filed with the court papers where the divorce suit was pending. No answer was filed and on February 27,

1974, some 71 days after service was had on defendant, the case was heard, resulting in a divorce containing the provisions above described. This judgment is regular on its face.

Thereafter, by undated letter bearing no file mark the defendant wrote the presiding judge advising him that these parties were divorced in 1965 and he had already paid for the divorce once and at the time of the divorce there were no children.

Thereafter, by instrument filed June 3, 1974, defendant's counsel filed "Application For Order to Expunge Decree of Divorce," alleging facts similar to that contained in the letter.

Thereafter, on August 12, 1974, the defendant filed in the present case a certified copy of a judgment rendered in Gregg County, Texas, dissolving a marriage between these same parties, which judgment shows that said cause came on for trial on March 26, 1965, that a divorce was granted, there were no children or community property, and concludes as "Signed and entered this 7 day of October, 1974." The form of the judgment is not that of a nunc pro tunc judgment. The docket sheet from Gregg County shows that the divorce was granted on March 26, 1965, and judgment "nunc pro tunc" was signed and entered on October 7, 1974.

The appellee, in her brief, states that shortly after the divorce was granted in 1965 the parties continued their marriage relationship. The parties each admit that they again remarried each other by a ceremonial marriage after the 1965 divorce.

No statement of facts is before this Court.

The first point attacks the service of citation upon defendant and therefore raises the point of whether or not the court had jurisdiction over the defendant. This point is supported only by the unsworn, un-

dated, letter addressed to the judge of the court.

"The law appears to be settled that when the sheriff's return on a citation is regular on its face and recites due service, it may not be impeached by the uncorroborated testimony of the party or parties shown by the return to have been served. Gatlin v. Dibrell, 74 Tex. 36, 11 S.W. 908; Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731, error ref. However, it is not required that the evidence offered to impeach be direct. It may be wholly circumstantial. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206. Such corroborating facts and circumstances, though, must come from a source other than one witness who would attack the service. Gatlin v. Dibrell, supra; Harrison v. Sharpe, supra; Randall v. Collins, 58 Tex. 231; Joseph v. Kiber, Tex.Civ. App., 260 S.W. 269; San Antonio Paper Co. v. Morgan, Tex.Civ.App., 53 S.W.2d 651, error dism; Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442." Cortimiglia v. Miller, 326 S.W.2d 278 (Houston Civ.App., 1959, no writ hist.)

The general rule is stated in 46 Tex.Jur.2d 417, "Process and Notices," Sec. 89, "Weight and sufficiency of evidence," p. 418; ". . . When an officer has executed process, and made his return showing when, where, and how he executed it, and has signed his return officially, the return has the sanction and support of the official oath. When the return is attacked there must be something more than an oath against an oath.

". . . There should be at least two witnesses or one witness with strong corroborative facts and circumstances proceeding from a source other than the witness. But the corroborating evidence is not required to be direct and positive; it may be circumstantial."

Service was proper. The court had acquired jurisdiction over the defendant at the time of rendition of the judgment. The defendant did not meet the burden of proof imposed upon him by law to show lack of proper service.

This point is overruled.

The defendant by his second point claims that the judgment in the present case is now a nullity because their marriage had heretofore been dissolved in Gregg County, Texas.

Rule 376, Texas Rules of Civil Procedure, prescribes what a transcript shall contain. This rule does not provide for the filing of evidence in the court papers of the district clerk's office and thus having such evidence appear in the transcript for consideration by the appellate court in lieu of filing a statement of facts.

". . . a transcript of papers filed in a district court other than that from which the appeal is taken is not properly part of the transcript in the case." 4 Tex. Jur.2d, Part 1, page 290, Sec. 438. To the same effect see Red Gin Co. v. Allen-Morrow Co., 52 S.W.2d 294 (Waco Civ.App., 1932, no writ hist.); and Pridgen v. Denson, 220 S.W.2d 194 (Austin Civ.App., 1949, writ dism.).

In the absence of a statement of facts it will be presumed that the evidence was sufficient and that every fact necessary to support the findings and judgment within the scope of the pleadings was provided at the trial. Guthrie v. National Homes Corporation, 394 S.W.2d 494 (Tex. Sup., 1965).

Ordinarily, in the absence of a statement of facts an appellate court can consider only fundamental error. There is no fundamental error in this case.

We find that such evidence from the Gregg County Clerk's office, not admitted in evidence in the trial of this cause

but simply filed along with the court papers after the divorce had been granted and entered in this cause, cannot be considered by this Court.

We overrule this point.

Judgment of the trial court is affirmed.