**Maria REGALADO, d/b/a, Fred Regalado Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–95–271–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 7, 1996.

Crispin (C.J.) Quintanilla, III, Quintanilla & Palacious, Keith C. Livesay, McAllen, for Appellant.

Rene Guerra, District Attorney, Theodore C. Hake, William McPherson, Traci A. Sellman, Assistant District Attorneys, Edinburg, for Appellee.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Maria Regalado, appellant, files this appeal by writ of error, asking this court to overturn a default judgment entered against her. By two points of error, she asserts that the trial court erred in granting a default judgment because the citation and service of process were defective. We affirm.

Maria Regalado, d/b/a Fred Regalado Bail Bonds, surety on the bond of Armando Pineda, appeals from a default judgment entered for the State in a bond forfeiture proceeding. Pineda failed to appear at arraignment, a judgment *nisi* issued, and service of process was effected on appellant by way of *scire facias* commanding her to appear and show cause why the judgment of forfeiture should not become final. Appellant failed to appear or answer the *scire facias* and a default judgment was rendered against her.

Upon learning of entry of the default judgment, appellant filed a motion for new trial seeking to have the default judgment set aside. After a hearing, the trial court orally granted the motion for new trial; however, the trial court signed the written order granting the new trial after its plenary power to do so had lapsed. Upon motion by the State, the trial court, because of lack of jurisdiction, subsequently rescinded the order granting the new trial. Appellant now attacks the default judgment by a writ of error to this court. Specifically, appellant raises two points of error challenging the validity of the service of process in the case below.

■ To prevail in her appeal by writ of error, appellant must (1) file the writ within six months after the final judgment is signed; (2) be a party to the lawsuit; (3) not have participated in the actual trial of the case; and (4) show error apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ). The State concedes that the first three requirements were met. Therefore, at issue is whether there is error apparent on the face of the record.

■ By her first point of error, appellant claims that the service of process was defective because she was not personally served with the *scire facias*. Specifically, she contends that the hand-written notation "c/o Maria Regalado" on the return of the citation, when given a fair, reasonable and natural construction, indicates that process was not served on her personally.

■ When a default judgment is attacked by writ of error, it is essential that the record affirmatively show strict compliance with the provided manner and mode of service of process. *Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965); *HB & WM, Inc. v. Smith*, 802 S.W.2d 279, 281 (Tex.App.—San Antonio 1990, no writ). A default judgment cannot withstand a direct attack by a defendant who shows that he was not served in strict compliance with the law. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Failure to affirmatively show strict compliance with the rules of civil procedure renders the attempted service invalid, of no effect, and incapable of supporting a default judgment. *Uvalde Country Club v. Martin*

*Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex.1985). Accordingly, when such strict compliance is NOT demonstrated, there is error on the face of the record, and reversal of the judgment is warranted.

 Strict compliance, however, does not require "obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enterprises, Inc.,* 915 S.W.2d 866, 871 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Ortiz v. Avante Villa at Corpus Christi, Inc.,* 926 S.W.2d 608, 613 (Tex.App.—Corpus Christi 1996, writ requested). As long as the citation and return show, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated. *See Ortiz,* 926 S.W.2d at 613 (the omission of the accent mark and the substitution of the symbol "@" for the word "at" are akin to the errors that do not invalidate service); *Payne & Keller Co. v. Word,* 732 S.W.2d 38, 41 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (judgment upheld where petition and citation reflected registered agent "Philippe Petitfrere," the return reflected "Philipee Petitfreere"); *Popkowsi v. Gramza,* 671 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no writ) (judgment upheld where there was dispute of fact whether handwritten return of service said "Michael Poprowski" or "Michael Popkowski").

Additionally, both parties point out that a return should be given a fair, reasonable, and natural construction to its intent and meaning. *Brown–McKee, Inc. v. J.F. Bryan & Assoc.,* 522 S.W.2d 958, 959 (Tex.Civ.App.—Texarkana 1975, no writ)(in a writ of error proceeding directly attacking default judgment, the return should receive a fair, reasonable, and natural construction, and effect given to its plain intent and meaning). *See also Garza v. Zavala,* 905 S.W.2d 312, 313 (Tex.App.—El Paso 1995, no writ); *Bavarian Autohaus, Inc. v. Holland,* 570 S.W.2d 110, 114 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). In fact, both parties concede that the validity of appellant's first point of error (as well as the service of process in this case) is contingent upon the fair and reasonable construction of the "c/o" symbol.

In the case at hand, the citation names "Maria Regalado, DBA Fred Regalado Bail Bond" as the defendant and states that a true copy was "delivered to SURETY MARIA REGALADO on the 15 day of 12, 1994." The return states that a true copy of the citation was delivered to "Name: c/o Maria Regalado." In our opinion, the only fair and reasonable construction of the officer's return indicates that the executing officer left the citation *in the care of* Maria Regalado; that is, in Maria Regalado's own hands. We conclude that the return and the citation, giving both a fair, reasonable, and natural interpretation, show with reasonable certainty that the citation was personally served on Maria Regalado. Accordingly, we hold that the record affirmatively shows that Maria Regalado, doing business of Fred Regalado Bail Bonds, was personally served in strict compliance with the provided manner and mode of service of process. Appellant's first point of error is overruled.

 In her second point of error, appellant contends that the trial court erred in granting a default judgment because the citation was improper. Appellant maintains that the citation is improper because it implies that a petition was being served when, in fact, no petition was either filed or served. Consequently, according to appellant, the resulting default judgment rendered herein was also improper. We disagree.

Keeping in mind the need to show strict compliance with the rules of service and citation in the face of a direct attack on a default judgment (see above), we note that a bail bond forfeiture proceeding is a criminal proceeding governed by the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 22 (Vernon 1989 and Supp.1997). All forfeiture proceedings declared upon a bond shall be governed by the same rules that apply to other civil suits. *See* TEX.CODE CRIM. PROC. ANN. art. 22.10 (Vernon 1989 and Supp.1997); *Dees v. State,* 865 S.W.2d 461, 462 (Tex.Crim.App.1993); *State v. Sellers,* 790 S.W.2d 316, 321 (Tex.Crim.App.1990). Furthermore, in a bond forfeiture proceeding, the citation is sufficient if it is in the form provided for citations in civil cases.

Tex.Code Crim. Proc. Ann. art. 22.04 (Vernon 1989 and Supp.1997). Article 22.04 provides:

A citation shall be sufficient if it be in the form provided for citations in civil cases in such court; provided, however, that a copy of the judgment of forfeiture entered by the court shall be attached to the citation and the citation shall notify the parties cited to appear and show cause why the judgment of forfeiture should not be made final.

Tex.Code Crim. Proc. Ann. art. 22.04 (Vernon 1989 and Supp.1997).

Significant to the resolution of this point of error, is the fact that the Texas Rules of Civil Procedure command that reference be made in a civil citation to the filed petition which commenced the suit. *See* Tex.R. Civ. P. 99. Rule 99 provides:

c. Notice. The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

Tex.R. Civ. P. 99(c). It is this exact language, along with other similar references, that appellant points to in support of her claim that the citation and the resulting default judgment rendered herein is improper.

 We find that the citation in this case was in the form provided by Tex.R. Civ. P. 99. In fact, the language found in the first paragraph of the citation is the exact language prescribed by Rule 99. *See* Tex.R. Civ. P. 99(c). Additional references to a petition, or the fact that the judgment *nisi* is referred to as a petition, do not make it any less clear that appellant was served with the appropriate documents.[1] As stated above, "even strict compliance does not require such absolute obeisance to the minutest detail."

*Herbert,* 915 S.W.2d at 871; *Ortiz,* 926 S.W.2d at 613.

Additionally, as required by Tex.Code Crim. Proc. Ann. art. 22.04, a copy of the judgment *nisi* was attached and the citation notified the parties cited to appear and show cause why the judgment should not be made final. The citation in this case was in compliance with the requirements of Article 22 of the Code of Criminal Procedure. Accordingly, we find appellant's claim of a fatal defect in the citation to be without merit and overrule appellant's second point of error.

Having overruled all points of error, we affirm the judgment of the trial court.

---

1. The citation or *scire facias* provided by the statute constitutes the State's pleadings in a bond forfeiture case. *Blue v. State,* 170 Tex.Crim. 449, 341 S.W.2d 917, 919 (1960); *Pollock v. State,* 164 Tex.Crim. 404, 299 S.W.2d 294, 296 (1956). In such a proceeding, the *scire facias* serves the purpose of both a petition and a citation. *Hokr v. State,* 545 S.W.2d 463, 467 (Tex.Crim.App. 1977) (citing *Hester v. State,* 15 Tex.App. 418 (1884)). A separate petition is not necessary.