COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-378-CV

JOHN F. BROWN                                                                   APPELLANT 
 
V.
 
CLARK CINCINNATI, INC. D/B/A                                                APPELLEE 
CLARK STEEL FRAMING SYSTEMS
 
------------
 
FROM THE 
393RD DISTRICT COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
I. Introduction
        Appellant John F. Brown brings this restricted appeal to challenge the no-answer default judgment obtained against him by Appellee Clark Cincinnati, Inc. 
d/b/a Clark Steel Framing Systems (“Clark”). Brown raises two issues, 
asserting (1) that Clark did not serve Brown with service of process in strict 
compliance with the Texas Rules of Civil Procedure and (2) that the trial court 
erred in finding Brown personally liable to Clark under a personal guarantee. We 
will affirm. 
II. Factual and Procedural Background
        On April 25, 2002, Clark filed suit against Tri-Steel Structures, Inc. (“Tri-Steel”) after Tri-Steel allegedly defaulted on two promissory notes that it had 
executed. Clark alleged that it had accepted these promissory notes in lieu of 
payment for steel products that it had sold to Tri-Steel. Clark further alleged 
that Brown, who was the owner and chairman of Tri-Steel, had agreed to 
personally guarantee all purchase orders of Tri-Steel to Delta Metal Products, 
Inc. (“Delta Metal”), which was the predecessor in interest to Clark. Thus, 
Clark named Brown as a defendant because Tri-Steel’s default on the 
promissory notes triggered Brown’s liability on the personal guarantee, which 
amounted to over $147,000. 
        After unsuccessful attempts to serve Brown personally and as the 
registered agent for Tri-Steel, Clark obtained an order for substituted service 
from the district court in accordance with Rule 106 of the Texas Rules of Civil 
Procedure. Tex. R. Civ. P. 106. On May 17, 2002, Clark served both 
defendants pursuant to that order. Neither Brown nor Tri-Steel answered the 
lawsuit, and on June 13, 2002, Clark obtained a default judgment against both 
Brown and Tri-Steel. 
 

 
III. Restricted Appeal
        In order to directly attack the trial court’s judgment, a restricted appeal 
must (1) be brought within six months after the trial court signs the judgment 
(2) by a party to the suit (3) who did not participate in the actual trial, and (4) 
the error complained of must be apparent from the face of the record. See Tex. 
R. App. P. 26.1(c), 30; Norman Communications v. Tex. Eastman Co., 955 
S.W.2d 269, 270 (Tex. 1997); In re E.K.N., 24 S.W.3d 586, 590 (Tex. 
App.—Fort Worth 2000, no pet.). The face of the record, for purposes of 
restricted appeals, consists of all the papers on file in the appeal, including the 
reporter’s record, as they existed in the trial court at the time the default 
judgment was entered. E.K.N., 24 S.W.3d at 590; Stankiewicz v. Oca, 991 
S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no pet.). Brown clearly meets 
the first three requirements for a restricted appeal, but the ultimate issue here 
is whether he demonstrated on the face of the record that the trial court 
erroneously entered a default judgment against him. 
 
        A. Substituted Service under Rules 106 and 107 
        In his first issue, Brown complains that the trial court erred in signing the 
default judgment against him, alleging that Clark did not serve him in strict 
compliance with the Texas Rules of Civil Procedure. Brown alleges five 
defects, as discussed below, in support of this contention and urges that we 
reverse the default judgment. We decline to do so because Clark’s service 
strictly complied with the rules of civil procedure. 
        A restricted appeal is a direct attack on the judgment. Barker CATV 
Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 792 (Tex. App.—Houston [1st 
Dist.] 1999, no pet.). In order to sustain a default judgment under direct 
attack, it is essential that there be strict compliance with the rules relating to 
the issuance of citation, the manner and mode of service, and the return of 
process. Stankiewicz, 991 S.W.2d at 310. 
        The normal presumptions favoring valid issuance, service, and return of 
citation do not apply to a default judgment. Id. (citing Primate Constr., Inc. v. 
Silver, 884 S.W.2d 151, 152 (Tex. 1994)). Failure of the record to show strict 
compliance with the rules voids the attempted service and requires that the 
default judgment be set aside. Samaria Baptist Church v. Royal Surplus Lines 
Ins. Co., 832 S.W.2d 760, 762 (Tex. App.—Fort Worth), writ denied per 
curiam, 840 S.W.2d 382 (1992). Jurisdiction over the defendant must 
affirmatively appear by a showing of due service of citation, independent of the 
recitals in the default judgment. Barker CATV, 989 S.W.2d at 792. 
        A return should be given a fair, reasonable, and natural construction to 
its intent and meaning. Regalado v. State, 934 S.W.2d 852, 854 (Tex. 
App.—Corpus Christi 1996, no writ). The requirement of strict compliance with 
the rules relating to the issuance of citation, the manner and mode of service, 
and the return of process does not mandate “obeisance to the minutest detail.” 
Id. (citing Herbert v. Greater Gulf Coast Enter., 915 S.W.2d 866, 871 (Tex. 
App.—Houston [1st Dist.] 1995, no writ)). As long as the citation and return 
show, with reasonable certainty, that the citation was served on the defendant 
in the suit, service of process will not be invalidated. Id. 
        1.     Was service made to the proper address? 
        Brown first argues that service was invalid because the address for 
service of process was not Brown’s home or usual place of business. “Where 
citation is executed by an alternative method as authorized by Rule 106, proof 
of service shall be made in the manner ordered by the court.” Tex. R. Civ. P. 
107; Vespa v. Nat’l Health Ins. Co., 98 S.W.3d 749, 752 (Tex. App.—Fort 
Worth 2003, no pet.). When a trial court orders substituted service under rule 
106, the only authority for the substituted service is the order itself. Vespa, 98 
S.W.3d at 752; Dolly v. Aethos Communications Sys., Inc., 10 S.W.3d 384, 
388 (Tex. App.—Dallas 2000, no pet.). 
        Clark filed a motion for substituted service, which the trial court granted. 
See Tex. R. Civ. P. 106(b). The court’s order for substituted service stated, in 
pertinent part: 
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that
service upon, TRI-STEEL STRUCTURES, INC. and JOHN F.
BROWN, Defendants in the above-styled and numbered cause, be
effected by the constable of a person authorized to service process
in the State of Texas, leaving a true copy of the Citation, with a
copy of the Petition and this Order attached, on the door of or 
with anyone over sixteen (16) years of age at the Defendants’
usual place of business which is located at 5400 South Stemmons
Freeway, Denton, Texas 76205. 

On May 17, 2002, a private process server delivered two copies of the citation
and petition at 5400 South Stemmons Freeway, Denton, Texas–one was
addressed to Brown, individually, and the other was addressed to Tri-Steel by
serving its registered agent, Brown.


 The return of service stated:
Came to hand on the 29th day of April, 2002, at 11:00 a.m.,
and executed on the 17th day of May, 2002, at 4:25 PM by
delivering to the within named Melissa Cagle as allowed by “order
for substituted service” attached in person a true copy of this
citation, with attached copy(ies) of the, Plaintiff’s Original Petition
*at 5400 S. Stemmons Freeway, Denton, TX 76205.
Service fees: $117.50Benson H. Wheeler Sheriff/Constable
Dallas County, Texas
/s Benson H. Wheeler
Deputy/Authorized Person

        Denton County I.D. No. 1158[ 
 

] 
        The trial court’s order specifically authorizes Rule 106 substitute service 
at the defendant’s usual place of business, “5400 South Stemmons Freeway, 
Denton, Texas 76205,” by attaching the citation, petition, and order to the door 
or by delivering these documents to anyone over sixteen years of age at that 
address. The return of service shows that the citation was delivered in 
accordance with the court’s order. See Brown v. Magnetic Media, Inc., 795 
S.W.2d 41, 42 (Tex. App.—Houston [1st Dist.] 1990, no writ) (op. on reh’g) 
(holding absence of words “defendant’s usual place of business” was not 
defective when court’s order specifically states that challenged address is 
defendant’s usual place of business and return specifically refers to the order). 
        Further, four exhibits are attached to Clark’s petition, a copy of which 
was delivered to 5400 South Stemmons. Notably, Exhibit C is a letter to Delta 
Metal from Tri-Steel, which is signed by “John Brown, Chairman.” The letter 
is written on Tri-Steel letterhead paper and lists the National Headquarters of 
Tri-Steel as “5400 S. Stemmons Frwy. (I-35), Denton, Texas, 76205.” The 
other three documents–two promissory notes and an installment note–also list 
the address of Tri-Steel at 5400 South Stemmons Freeway (I-35), Denton, 
Texas, 76205, and they are signed by John F. Brown, Chairman of the Board. 
Thus, we hold that service was made at 5400 South Stemmons in compliance 
with the trial court’s order and is not defective on that basis. See id. 
        2.     Does the return of service show strict compliance with the order 
for substituted service concerning the person purportedly served? 
 
        Secondly, Brown argues that the return of service for him does not 
properly identify or describe the person who was allegedly served with process. 
While Brown acknowledges that the substituted service order permits service 
on someone over sixteen years of age or by posting on the door, he complains 
that service was defective because no description or age verification of Melissa 
Cagle, the individual named in the return of service, was included in the return. 
        The return of service stated that it was delivered to “Melissa Cagle as 
allowed by ‘order for substituted service.’” [Emphasis supplied.] Rule 107 of 
the Texas Rules of Civil Procedure states that “[w]here citation is executed by 
an alternative method as authorized by Rule 106, proof of service shall be made 
in the manner ordered by the court.” Tex. R. Civ. P. 107. As the supreme 
court has stated, “The return of service is not a trivial, formulaic document. It 
has long been considered prima facie evidence of the facts asserted therein.” 
Primate, 884 S.W.2d at 152. Moreover, “[t]he recitations in the return of 
service carry so much weight that they cannot be rebutted by the 
uncorroborated proof of the moving party.” Id. 
        The trial court’s order did not specify how the process server was to 
prove that he or she had served the citation and petition. Thus, we conclude 
that in the absence of such a requirement, the return of service reflecting that 
the process server delivered the citation and petition as allowed by the order for 
substituted service was not defective for failing to give further descriptive 
information about Cagle. See Pao v. Bray Village Homeowners Ass’n, Inc., 905 
S.W.2d 35, 38 (Tex. App.—Houston [1st Dist] 1995, no writ) (holding that 
return stating citation and petition were served on “Ke-Nan Pao . . . ‘per 106-attached to front door’” complied with court’s Rule 106 order); Magnetic 
Media, 795 S.W.2d at 42 (holding service was not invalid where it stated that 
“appellant’s receptionist was served ‘as per Rule 106‘ at ‘One Riverway, Suite 
1700’”); cf. Fagget v. Hargrove, 921 S.W.2d 274, 278 (Tex. App.—Houston 
[1st Dist] 1995, no writ) (holding return was defective, in part, because it did 
not state anything concerning the manner of service when it merely stated that 
process was delivered to “Fong, Tran at 1614 defendant, in person”), overruled 
on other grounds by Barker CATV, 989 S.W.2d at 793 n.2. 
 
        3.     Did the court authorize a private process server to execute service? 
        Brown next complains that the order for substituted service authorized 
substituted service only by a constable, not a private process server, which was 
the alleged method of service used by Clark. Brown points to the language in 
the court’s order stating that service “be effected by the constable of a person 
authorized to service process in the State of Texas.” [Emphasis supplied.] He 
argues that we must strictly construe the terms of the order and conclude that 
only a constable was authorized to serve him. 
        Clark argues that Brown’s argument is flawed because the order contains 
“a simple and clearly noticeable typographical error.” Thus, Clark argues that 
the order permits service by either a constable or a person authorized to service 
process. We apply the same rules of interpretation in construing the meaning 
of a court order as we employ in ascertaining the meaning of other written 
instruments. Lone Star Cement Corp. v. Fair, 467 S.W.2d 402, 404-05 
(Tex.1971); Palomin v. Zarsky Lumber Co., 26 S.W.3d 690, 694-95 (Tex. 
App.—Corpus Christi 2000, pet. denied). As we stated above, we are to give 
a return a fair, reasonable, and natural construction to its intent and meaning. 
Regalado, 934 S.W.2d at 854; see, e.g., Ortiz v. Avante Villa at Corpus Christi, 
Inc., 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied) 
(“Errors such as mistaken capitalization in the defendant’s name and spelling 
errors too minor to raise any doubt that the correct person was served are 
insufficient to invalidate service.”). 
        Clark’s motion for substituted service under Rule 106 asked the court to 
order service upon the defendants by the constable or a person authorized to 
serve process in the State of Texas. Literally reading the word “of” in the 
court’s order, as Brown suggests, does not give a fair, reasonable, and natural 
construction to its intent and meaning because there is no entity or public office 
known as “the constable of a person.” See Tex. Loc. Gov’t Code Ann. §§ 
86.0021, 86.021 (Vernon Supp. 2003) (describing qualifications, general 
powers, and duties of a constable); Regalado, 934 S.W.2d at 854; see also 
Black’s Law Dictionary 305 (7th ed. 1999) (defining constable as “[a] peace 
officer responsible for minor judicial duties, such as serving writs and warrants, 
but with less authority and smaller jurisdiction than a sheriff”). Accordingly, 
giving a fair, reasonable, and natural construction to the trial court’s order, we 
conclude that the order allowed service by either a constable or a private 
process server, the latter of which Clark utilized. See Palomin, 26 S.W.3d at 
694-95; Regalado, 934 S.W.2d at 854. 
        4.     Was the private process server authorized to serve Brown? 
        Brown next argues that no proof exists in the record to substantiate that 
the private process server allegedly used by Clark was authorized to serve 
Brown with process. Brown contends that Clark has not included in the record 
any authorization by law or by written order of the court for Wheeler to serve 
process in this suit. We disagree. 
        Rule 103 of the Texas Rules of Civil Procedure provides that “[c]itation 
and other notices may be served anywhere by (1) any sheriff or constable or 
other person authorized by law or, (2) by any person authorized by law or by 
written order of the court who is not less than eighteen years of age.” Tex. R. 
Civ. P. 103. On the return of service, the following verification appears: 
VERIFICATION
 
On this day personally appeared Benson H. Wheeler known 
to me to be the person whose name is subscribed on the foregoing 
instrument and who has stated: upon penalty of perjury, I attest 
that the foregoing instrument has been executed by me in this 
cause pursuant to the Texas Rules of Civil Procedure. I am over 
the age of eighteen years and I am not a party to or interested in 
the outcome of this suit and have been authorized by the Denton 
County Courts to serve process for Denton County.
 
Subscribed and sworn before me on this the 20th day of May, 
2000 [sic]. 
/s Sandra Pore, Notary Public

[Emphasis supplied.]   
        Because the return of service constitutes prima facie evidence of the facts 
asserted therein, we conclude that Wheeler was authorized by the Denton 
County courts to serve process in Denton County. See Primate, 884 S.W.2d 
at 152; Dolly, 10 S.W.3d at 389; see also Gatlin v. Dibrell, 74 Tex. 36, 11 
S.W. 908, 909 (1889) (“The return of the officer imports absolute verity, and 
was sufficient to authorize the rendition of judgment upon default . . . .”). 
Thus, service was not defective based upon Brown’s claim that Wheeler was 
not authorized to serve him. 
        5.     Was the order for substituted service attached to the citation and 
petition?

        Brown also contends that the order for substituted service required a copy 
of such order to be served along with the petition and citation but that the 
return of service for Brown only states that the petition and citation were 
served and is silent as to whether a copy of the order was likewise served. The 
return, in pertinent part, states that service was executed by “delivering to . . 
. Melissa Cagle as allowed by ‘order for substituted service’ attached in person 
a true copy of this citation, with attached copy(ies) of the, Plaintiff’s Original 
Petition.” [Emphasis supplied.] Thus, the return of service–as prima facie 
evidence of the facts asserted therein–shows that the order for substituted 
service was attached and delivered along with the citation and petition. See 
Primate, 884 S.W.2d at 152; Dolly, 10 S.W.3d at 389; see also Gatlin, 74 Tex. 
36, 11 S.W. at 909. 
        Accordingly, we hold that service was not defective for failing to include 
the order for substituted service because the order was attached to the citation 
and petition. We further hold that Brown failed to meet his burden of showing 
error on the face of the record. See E.K.N., 24 S.W.3d at 590. We therefore 
overrule Brown’s first issue. 
        B. No-Answer Default Judgment 
        In his second issue, Brown complains that the trial court erred in finding 
him personally liable to Clark under the letter guarantee. Specifically, Brown 
contends that to the extent that Clark is the successor to Delta Metal, as 
alleged by Clark in its petition, the letter guarantee was superseded by an 
installment note, which explicitly released and exculpated Brown with respect 
to any personal liability for the installment note. 
        In a no-answer default judgment, all allegations of material fact properly 
set forth in the petition are deemed admitted, except for the amount of 
unliquidated damages. Jackson v. Gutierrez, 77 S.W.3d 898, 901 (Tex. 
App.—Houston [14th Dist.] 2002, no pet.) (citing Morgan v. Compugraphic 
Corp., 675 S.W.2d 729, 732 (Tex. 1984)); Flores v. Brimex Ltd. P'ship, 5 
S.W.3d 816, 820 (Tex. App.—San Antonio 1999, no pet.) (citing Stoner v. 
Thompson, 578 S.W.2d 679, 682 (Tex. 1979)). Consequently, a default 
judgment conclusively establishes the defendant’s liability. Morgan, 675 
S.W.2d at 731; Norton v. Martinez, 935 S.W.2d 898, 901 (Tex. App.—San 
Antonio 1996, no writ). In the present case, Clark’s pleadings establish facts 
that support Brown’s liability under his personal guarantee. Brown’s 
contentions concerning the allegations in Clark’s petition are without merit, and 
we overrule his second issue. 
IV. Conclusion
        Having overruled both of Brown’s issues, we affirm the trial court’s 
judgment.
 
                                                          ANNE GARDNER 
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; HOLMAN and GARDNER, JJ. 
 
DELIVERED: September 18, 2003