

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-15-00191-CV

IN THE INTEREST OF S.C., A
CHILD

----------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 233-543364-13

----------

## MEMORANDUM OPINION[1]

----------

Appellant V.C. (Wife) appeals the trial court's default order entered in favor of appellee M.C. (Husband) on his petition to modify their final divorce decree. We affirm the trial court's order.  *See* Tex. R. App. P. 43.2(a).

Husband and Wife were granted a final decree of divorce on February 20, 2014.  They were named joint managing conservators of their son, and Wife was

---

[1]*See* Tex. R. App. P. 47.4.

named the conservator with the right to receive child-support payments from Husband and to determine the residence of their son. The next month, Wife moved to Japan for work and left her son in Husband's care.

On July 27, 2014, Husband filed a petition to modify the divorce decree in the same cause as the underlying judgment, requesting a modification of the rights to designate the child's primary residence and to receive child-support payments. *See* Tex. Fam. Code Ann. §§ 156.001–.002, 156.102 (West 2014), § 156.401 (West Supp. 2015). On October 24, 2014, the trial court clerk issued a citation to Wife regarding Husband's petition to modify.[2] *See* Tex. R. Civ. P. 99; *see also* Tex. Fam. Code Ann. §§ 102.009, 156.003–.004 (West 2014) (providing interested party, including managing conservator, entitled to receive notice by

---

[2]The citation was addressed to Wife and provided:

You said RESPONDENT are hereby commanded to appear by filing a written answer to the PETITION TO MODIFY PARENT CHILD RELATIONSHIP at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 233rd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PETITIONER BEING

[HUSBAND]

Filed in said Court on July 27, 2014 Against

[WIFE]

For suit . . . the nature of which demand is as shown on said PETITION TO MODIFY PARENT CHILD RELATIONSHIP a copy of which accompanies this citation.

citation of suit for modification, compliant with the rules of civil procedure). The petition to modify was attached to the citation. The citation and petition were served on Wife in Japan by certified mail, return receipt requested. *See* Tex. R. Civ. P. 106(a)(2), 108a(1). The return receipt reflects that it was mailed to the following addressee:

[Wife]
Aracdia Building #705-2-1-10
Maruniuchi Kofu-Shi
Yamanashi 400-0031 Japan
233-543364-13 FAM DP/RJ

Wife personally signed the return receipt on November 3, 2014. The clerk's return of service stated that service of "a true copy of this writ together with a copy of Chapter 158 Texas Family Code" was "by delivery certified mail, return receipt requested, to the employer named within, as herein directed." The return of service—which included as attachments the return receipt with Wife's signature, the first page of the petition to modify, and the citation—was filed in the trial court on November 13, 2014. *See* Tex. R. Civ. P. 107(c) & (g), 108a(2).

Wife did not answer Husband's petition. On March 20, 2015, the trial court held a final trial on Husband's petition and noted that Wife had been served by certified mail but failed to appear. Husband testified that his son had been in his exclusive care since Wife moved to Japan in March 2014 and asked that Wife pay him child support and that he be named primary conservator. The trial court entered the requested modification order, noting that it was a default. *See* Tex. R. Civ. P. 239. On June 12, 2015, Wife filed a notice of restricted appeal and

3

now argues that the return of service was defective, rendering the default judgment void. *See* Tex. R. App. P. 30.

To prevail in her restricted appeal, Wife must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) Wife was a party to the suit but did not participate in the hearing that resulted in the judgment; (3) Wife did not timely file a postjudgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule of appellate procedure 26.1(a); and (4) the complained-of error is apparent from the face of the appellate record. *See* Tex. R. App. P. 26.1(c), 30; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.); *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex. App.—El Paso 2008, no pet.); *see also Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (stating restricted appeal requirements should be "liberally construed"). Husband does not contest that Wife meets the first three requirements for a restricted appeal. He argues, however, that Wife cannot show error that is apparent from the face of the record.

Both Husband and Wife agree that to be valid, the return of service on Wife had to meet the requirements set by rule 107. *See* Tex. R. Civ. P. 107. Rule 107 requires that the "return, together with any document to which it is attached," include several specific pieces of information, including a description of what was served, the date and time the process was received for service, and

4

the person or entity served. Tex. R. Civ. P. 107(b)(3)–(5). In an attack on a default judgment by restricted appeal, we make no presumptions in favor of a valid issuance, service, or return of citation. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied). However, "[a] return of service should be given a fair, reasonable, and natural construction as to its plain intent and meaning," and we are required to review the petition, the citation, and the return—not the return of service in isolation—to determine whether service was proper. *Mandel v. Lewisville ISD*, 445 S.W.3d 469, 475 (Tex. App.—Fort Worth 2014, pet. denied); *see* Tex. R. Civ. P. 107(b); *Williams v. Williams*, 150 S.W.3d 436, 444 (Tex. App.—Austin 2004, pet. denied). In her issues presented, Wife argues that the return of service was defective because it (1) stated it was for a writ of garnishment of wages for a child-support order, not the petition to modify; (2) provided it was served on "the employer," not Wife; and (3) did not state the time the process was received for service. Wife does not dispute that she personally signed the return receipt, that the petition to modify was attached to the citation, or that she received the petition to modify.

We disagree with Wife that the absence of the time that the process was received for service renders the return of service fatally defective. The date and time service was executed, the date and time the original return of service was received by the clerk, and the date stamp on the certified mail return receipt were sufficient to comply with rule 107(b)(4). *See Mandel*, 445 S.W.3d at 476–78;

5

*cf. Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (holding absence of time notation on clerk's return of service showing time certified mail return receipt was received by the clerk rendered service defective). We also disagree that because the return of service stated that service was "to the employer named within," it was defective. The certified mail return receipt and the citation, which were attached to the return of service, reflect that Wife was served in Japan by certified mail. A fair and reasonable construction of the return of service combined with the attached citation and return receipt containing Wife's undisputed signature is that Wife was served with the citation. *See Regalado v. State*, 934 S.W.2d 852, 854 (Tex. App.—Corpus Christi 1996, no writ); *cf. In re K.J.B.*, No. 09-14-00324-CV, 2015 WL 3898065, at *6 (Tex. App.—Beaumont June 25, 2015, no pet.) (mem. op.) (holding omissions in return did not render service fatally defective because information included in citation).

Finally, although the clerk's return of service stated that a "writ" was served on Wife, the citation clearly stated that the petition to modify was being served on Wife and that it was attached to the citation. The first page of the petition to modify also was attached to the return of service and included handwritten notations of Wife's name and address in Japan and "cit by cert," indicating the petition to modify had been served on Wife by certified mail. Reading the return of service in tandem with the documents attached to the return reveals that Wife was served with the petition to modify. *See* Tex. R. Civ. P. 107(b) (stating information requirements may be included in the return of service as well as in

6

any document attached to the return of service); *cf. Nelson v. Remmert*, 726 S.W.2d 171, 172–73 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (concluding return receipt from service by certified mail did not have to reflect what document was served).

At first glance, this conclusion would seem to conflict with *Primate Construction*, previously cited. In that case, the citation stated that a copy of a second amended petition was attached, but the return of service stated that a copy of an original petition had been served on the defendant. *Primate Constr.*, 884 S.W.2d at 152. The supreme court concluded that proper service of the second amended petition was not shown on the face of the record and reversed the default judgment that had been entered against the defendant. *Id.* at 152–53. But the version of rule 107 applied by the supreme court in *Primate Construction* was significantly different from the version that we are asked to interpret today. Previously, rule 107 provided, in relevant part, that "[t]he return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person." Tex. R. Civ. P. 107 hist. nn. (West Supp. 2015); *see also* Tex. Sup. Ct., *Final Approval of Amendments to Texas Rules of Civil Procedure*, Misc. Docket No. 11-9250 (Dec. 12, 2011) (available at www.txcourts.gov/supreme/administrative-orders.aspx). Effective January 1, 2012, the supreme court amended rule 107 to its current version to provide that the required information, which was greatly expanded,

7

must be included in the return of service "together with any document to which it is attached." Tex. R. Civ. P. 107. This clarified and expanded version of rule 107, therefore, allows examination of the return along with all documents attached to the return of service to determine if service was properly effected. Here, the return of service states that a writ was served on Wife, but the attached documents—the first page of the petition to modify and the citation—reflect that the petition to modify was served on her by certified mail. These facts, along with the authorization in rule 107 allowing the return of service to be read in tandem with any attached documents, render this case analogous to those cases in which a slight deviation in a return of service was found not to have defeated proper service. *See, e.g.*, *In re K.J.B.*, 2015 WL 3898065, at \*6; *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 622 (Tex. App.—Dallas 2014, no pet.); *Consol. Am. Indus., Inc. v. Greit-Amberoaks, L.P.*, No. 03-07-00173-CV, 2008 WL 5210925, at \*1–2 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.); *Heggen v. Graybar Elec. Co.*, No. 14-06-00058-CV, 2007 WL 43830, at \*1–3 (Tex. App.—Houston [14th Dist.] Jan. 9, 2007, no pet.) (mem. op.); *Cotton Patch Café, Inc. v. McCarty*, No. 2-05-082-CV, 2006 WL 563307, at \*6–7 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op.); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g); *Carroll v. Carroll*, 580 S.W.2d 410, 412 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ).

Similarly, the instant case is distinguishable from a recent memorandum opinion issued by a panel of this court: *In re J.B.*, No. 02-15-00040-CV, 2015 WL ____, at *__ (Tex. App.—Fort Worth Dec. 23, 2015, no pet. h.) (mem. op.). In that case, the citation stated that an amended motion to modify the parent-child relationship and to enforce a child-support order was being served on the father. The affidavit of service stated that in-person service of "the documents" had been completed on the father. A return of service was neither executed nor filed. This court reversed the ensuing default judgment because it could not be found with reasonable certainty which specific documents had been served on the father. *Id.* at *__. Unlike the instant case, the only document filed under Rule 107(g) as proof of service in *In re J.B.* was the affidavit of service, which wholly failed to specify what documents had been served. Here, the return of service included the attached citation and the first page of the petition to modify, both of which showed that the petition to modify had been served on Wife. Therefore, we conclude that *In re J.B.* does not mandate a different result here.

In short, we may be reasonably certain that the petition to modify was served on Wife especially because Wife does not dispute that she personally signed the return receipt and does not claim that she did not receive the petition to modify with the citation. *See Cotton Patch Café*, 2006 WL 563307, at *7 ("[B]ecause the return of citation complies with Rule 107, because Cotton Patch does not claim that it did not receive service, and because the citation and return show that citation was actually served on Cotton Patch's registered agent, we

9

hold that the service was not defective so as to deprive the trial court of jurisdiction over Cotton Patch."); *Regalado*, 934 SW.2d at 854 ("As long as the citation and return [of service] show, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated."). We conclude that the face of the record shows that Wife was properly served with citation and the petition to modify under the applicable rules. *See Dole*, 425 S.W.3d at 621–22. Thus, we overrule Wife's issues and affirm the trial court's default order.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: December 23, 2015