**David W. JOHNSON, Appellant,**

v.

**Paula P. JOHNSON, Appellee.**

**No. A14–92–00016–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 5, 1992.

David W. Johnson, pro se.

David L. Monroe, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal by writ of error from a fraud and constructive trust case. Appellant, David W. Johnson, brings this action pro se. In the case below, plaintiff-appellee sued Peter Van Der Jagt and the Van Der Jagt 1980 Family Trust. Because appellant does not meet the requirements for bringing an appeal by writ of error, his case is dismissed.

The question presented for our consideration is whether Mr. Johnson has met the criteria enabling him to proceed by writ of error review. The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a

party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985). *See* TEX.R.APP.P. 45. As element one is undisputed, we need only discuss elements two through four.

### I. Was Appellant A Party To The Suit?

■ Because Mr. Johnson admits that he was not a party to the earlier suit, the general rule regarding these writs does not apply. Generally, an appeal by writ of error is available only to parties of record. *Mobil Exploration & Producing U.S., Inc. v. McDonald,* 810 S.W.2d 887, 889 (Tex. App.—Beaumont 1991, writ denied). Because he does not come under the general rule, appellant must therefore fall under the exception. The exception provides an avenue for non-parties to bring such a writ. Specifically, the exception requires Mr. Johnson to be " 'one whose privity of estate, title or interest appears from the record of the cause in the court below' ", or one who is the legal representative of such party. *Id.* (quoting *Smith v. Gerlach,* 2 Tex. 424 (1847)). Mr. Johnson can not prove privity, nor can he show that he is a legal representative.

### A. Privity of Estate, Title or Interest

■ With regard to the privity prong, "[p]rivity has been found in appeals by writ of error in three types of cases: (1) class actions; (2) will contests; and (3) suits where the parties come under the doctrine of virtual representation." *Id.* (citations omitted) Because this is neither a class action nor a will contest, appellant must show privity through virtual representation. In short, in order to demonstrate standing, appellant must show he is bound as a privy to the judgment. As defined, one who is a privy is "one so connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right. They include (1) those who control an action although not a party to it; (2) those whose interests are represented by a party to the action; and (3) successors in interest." *Id.* at 890 (citing

*Benson v. Wanda Petroleum,* 468 S.W.2d 361 (Tex.1971)). As Mr. Johnson does not contend that he controlled the original litigation, the first class is not in question.

The record in this case fails to show that David W. Johnson is in privity with the Van Der Jagt 1980 Family Trust such that the trial court's judgment affects any interest he owns in any property affected by the judgment. Nor does it reveal that he is a successor in interest. Specifically, the record does not show that appellant claims title to either the home on Toddville Road or ownership of the promissory note. Rather, the record shows Mr. Johnson transferred any interest he had in the home to his wife by quitclaim and that she later quitclaimed her interest to the Family Trust. The record also fails to show that Mr. Johnson ever had any interest in the note. Whereas the record does not show that any of appellant's interest was affected by the judgment, it also fails to show privity as a successor in interest to the Trust. In sum, the lower court's judgment did not affect Mr. Johnson's property rights. Therefore, because appellant has failed to come under the exception through privity, we must now determine whether he meets it as a legal representative.

### B. Legal Representative

Appellee contends that because appellant does not have the authority to represent either Peter Van Der Jagt or Peter's children, this case should be dismissed. We agree. Notably, while most of appellant's brief asks for relief on behalf of Mr. Van Der Jagt or his children, appellant has failed to show he has the right to legally represent their interests. Not only does appellant fail to argue the basis for this right, he also spends most of his time arguing that it was the father, who had this right. Because he has failed to prove that he has the right of legal representation or the right through privity, appellant has failed to met the non-party exception.

### II. Did Appellant Participate At Trial?

The third requisite for bringing an appeal by writ of error is that appellant did

not participate at trial. It goes without saying that because he was not a party to the suit, appellant did not participate at trial. Clearly, the record reveals that appellant was neither personally a part of the trial, nor was he represented by an attorney. Thus, appellant has failed to meet the third prong of *Stubbs*. *Stubbs*, 685 S.W.2d at 644.

### III. Has Appellant Shown Error On The Face Of The Record?

 Appellant has also failed to meet the last prong. In particular, appellant has failed to show error on the face of the record. A "record" in a writ of error case is the judgment and the other papers filed in the transcript. *Id.* It also includes the statement of facts. *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551 (Tex.1991). In the instant case, the record consists of only the transcript. Appellant has brought forth no statement of facts. It fails to show the requisite error. Stated another way, appellant is not entitled to relief because the papers on file in this case do not disclose "the invalidity of the judgment". *Prihoda v. Marek*, 797 S.W.2d 170 (Tex.App.—Corpus Christi 1990, writ denied) (quoting *Pace Sports, Inc. v. Davis Bros. Publishing Co.*, 514 S.W.2d 247, 247–48 (Tex.1974)). Although the usual presumption in support of a judgment is not indulged when an appeal is brought by writ of error, an appellant is not excused from the burden of showing error. *Id.* at 171. *See* Tex.R.App.P. 50(d). Because appellant has failed to meet this burden, this case must be dismissed.

We hold Mr. Johnson has not demonstrated standing to pursue a writ of error. The appeal by writ of error is thus dismissed.