CV4-542.becker 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00542-CV







Kirk Becker, Appellant



v.



Southwest Travis County Road District No. 1, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-07238, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







PER CURIAM


 Kirk Becker appeals by writ of error the declaratory judgment obtained by the
Southwest Travis County Road District No. 1. The District moves to dismiss the appeal. We will
grant the motion.

 Pursuant to statute, the District sought a declaratory judgment that its proposed
bond order was legal and valid. See Tex. Rev. Civ. Stat. Ann. art. 717m-1 (West Supp. 1995). 
The District sought approval of the bond order issued in connection with the District's planned
refinancing of its outstanding debt ("the Bond Order"), the order levying special assessments to
repay the bonds covered by the Bond Order ("the Assessment Order") and the special assessments
levied thereunder, and the order giving first priority to the liens securing the special assessments
provided for in the Assessment Order. 

 The District's petition was essentially unopposed. The state attorney general filed
an answer, offering no opposition but demanding proof of the allegations therein. BenAsh, L.C.,
which owned property within the District, filed its own answer to the petition, challenging the
legality and fairness of the bond order. The transcript contains no other answers. BenAsh settled
its dispute and agreed to be dismissed by court order before the hearing.

 The court's judgment contains findings of fact and conclusions of law. The court
formally noted the appearance of the attorney general at the hearing. It mentioned no other
appearances. The court's judgment also noted the dismissal of BenAsh's claims and found "no
other appeals or protests to the District's request for relief." The court granted the District's
requested relief and signed the judgment on the day of the hearing, July 18, 1994.

 Becker first appears in the appellate record in this case on August 17, 1994. (1) On
that day he filed his affidavit of indigence in lieu of appeal bond and his petition for writ of error. 
Despite his absence from previous documents in the appellate record, both parties agree that
Becker appeared at the hearing and voiced his opposition to the requested relief; Becker alleges
that he attempted to file a statement of opposition. He states that the trial court did not rule on
whether he could intervene. Nothing in the transcript memorializes his appearance and there is
no statement of facts of the hearing in the appellate record.

 The transcript in this case was filed on October 14, 1994. The District moved to
dismiss. We carried the motion until briefs were filed and the case was submitted. 

 The District moves to dismiss the case because Becker was not a party below. The
statute allows any party to the cause to appeal the judgment. Tex. Rev. Civ. Stat. Ann. art.
717m-1, § 9 (West Supp. 1995). An appellant ordinarily must be a party of record in the case
below to pursue an appeal by writ of error. Tex. R. Civ. P. 45; Gunn v. Cavanaugh, 391 S.W.2d
723, 724 (Tex. 1965); Johnson v. Johnson, 841 S.W.2d 114, 115 (Tex. App.--Houston [14th
Dist.] 1992, no writ). An exception allows appeal by writ of error to be filed by one whose
privity of estate, title, or interest appears from the record of the cause below or by the legal
representative of such a party. Id. 

 Becker was not a party below. The statute allows "[a]ny property owner, taxpayer,
citizen, or person affected by or interested in the proceedings or the issuance of the securities [to]
become a named party by pleading to the petition on or before the time set for hearing and trial
. . . or thereafter by intervention on leave of court." Tex. Rev. Civ. Stat. Ann. art. 717m-1, §
7 (West Supp. 1995). Becker stated in his petition for writ of error that he is an environmentalist. 
He stated in his appellate brief that he is a long-term resident and voter in Austin, a city adjacent
to the District. He claims that he has standing as a Texas citizen to challenge violations to the
state constitution and as a person in the universe against whom the judgment is binding. 
Nevertheless, Becker was not named in the petition, was not listed on the District's tax assessment
roll, did not file an answer, did not file an intervention, was not named in the judgment, and does
not appear in the record otherwise until well after judgment. Regardless of whether Becker was
eligible to be a party below, he neither became a party nor objected to his exclusion.

 Nor does he fit within the exception to the party requirement. He does not claim
privity with any party. His statements advocating his standing as a party do not provide the
requisite showing in the record of his privity with any party.

 Because Becker was not a party to the case below and has not shown privity with
any party to the case, he lacks standing to bring this appeal by writ of error. We therefore grant
the District's motion and dismiss this appeal.


Before Justices Powers, Kidd and B. A. Smith

Dismissed

Filed: August 16, 1995

Do Not Publish

1.   Becker appeared in this Court before that date. On July 18, 1994, Becker filed in
this court a petition for injunction against the issuance of the bonds. We overruled that
petition on August 17, 1994. Becker v. Southwest Travis County Road Dist. No. 1, No. 3-94-359-CV (Tex. App.--Austin Aug. 14, 1994, orig. proceeding) (not designated for publication). 
We found that, because Becker had not shown that he had properly perfected an appeal from
the judgment, we had no power to issue the requested injunction. Id. at 2. We also overruled
his subsequent application for emergency temporary injunction. Becker v. Hart, No. 03-94-00436-CV (Tex. App.--Austin Aug. 23, 1994, orig. proceeding) (not designated for
publication).