NO.
12-06-00104-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

DAVIE WESTMORELAND
D/B/A

ALLEGHENY CASUALTY CO.,

ALLEGHENY CASUALTY
COMPANY,   §          APPEAL FROM THE 349TH

AND DERRON DANTE
FLOWERS,

APPELLANTS

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          HOUSTON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Appellants
Davie Westmoreland d/b/a Allegheny Casualty Co. and Allegheny Casualty Company
appeal the trial court’s default judgment in a bail bond forfeiture case.  In two issues, Appellants argue that the
trial court erred in granting a default judgment because the citation was
defective.  We dismiss the appeal for
want of jurisdiction in part and reverse and remand in part.

 

Background

            Allegheny
Casualty Company was surety on the bond of Derron Dante Flowers.  Flowers failed to appear for trial and a
judgment nisi declaring forfeiture of the bond was issued.  Allegheny was served with process through a
general citation by certified mail.  On
October 3, 2005, after Allegheny and Flowers failed to answer or make an
appearance, the trial court rendered a default final judgment against
them.  On March 28, 2006, Westmoreland and
Allegheny filed a notice of restricted appeal. 

Restricted
Appeal








   A
restricted appeal is available for the limited purpose of providing a party
that did not participate at trial with the opportunity to correct an erroneous
judgment.  TAC Americas, Inc. v.
Boothe, 94 S.W.3d 315, 318 (Tex. App.–Austin 2002, no pet.).  For a restricted appeal to be successful, a
notice of restricted appeal must be (1) filed within six months after the
judgment is signed; (2) by a party to the lawsuit; (3) who did not participate
in the hearing that resulted in the judgment complained of; (4) who did not
file a timely post judgment motion or request for findings of fact and
conclusions of law; and (5) error must be apparent on the face of the
record.  Id.; Regalado
Bail Bonds v. State, 934 S.W.2d 852, 853 (Tex. App.–Corpus Christi
1996, no writ).  The face of the record,
for purposes of restricted appeal, consists of all papers on file in the
appeal.  TAC Americas, Inc.,
94 S.W.3d at 318. 

 

Party to the Lawsuit

   In
its appellee’s brief, the State argues that Davie Westmoreland d/b/a Allegheny
Casualty Co. was not a party to the suit and, thus, has no standing to pursue a
restricted appeal.  Generally, a
restricted appeal is available only to parties of record.  Johnson v. Johnson, 841 S.W.2d
114, 115 (Tex. App.–Houston [14th Dist.] 1992, no writ).  The judgment nisi listed the bond
agency or surety as “Allegheny Casualty Co.” 
In the original bond, the surety was “Allegheny Casualty Co.” and the
signature of the company’s representative was illegible.  The power of attorney was provided by
Allegheny Casualty Company.  The
signatures of the president and secretary of the corporation did not include
Davie Westmoreland nor was there a “doing business as” status listed on the
form.  Both the general citation and the
default judgment were against “Allegheny Casualty Co.” Westmoreland’s name did
not appear until the notice of restricted appeal.  As such, Westmoreland was not a party to the
suit.  See TAC Americas, Inc.,
94 S.W.3d at 318; Johnson, 841 S.W.2d at 115. 

   However,
there is an exception to the general rule that allows nonparties to bring such
an appeal.  Johnson, 841
S.W.2d at 115.  Specifically, the
exception requires Westmoreland to be one whose privity of estate, title, or
interest appears from the record of the cause in the court below, or one who is
the legal representative of such a party. 
Id. (citing Mobil Exploration & Producing U.S.,
Inc. v. McDonald, 810 S.W.2d 887, 889 (Tex. App.–Beaumont 1991, writ
denied)).  Nothing in the record indicates
that Westmoreland is the legal representative of Allegheny.  Privity has been found in three types of
cases: (1) class actions; (2) will contests; and (3) suits where the parties
come under the doctrine of virtual representation.  Id. (citing Mobil Exploration
& Producing U.S., Inc., 810 S.W.2d at 889).  This suit is neither a class action nor a
will contest and, thus, Westmoreland must show privity through virtual
representation.  In order to do that, he
must be so connected in law with a party to the judgment, Allegheny, “as to
have such an identity of interests that the party to the judgment represented
the same legal right.”  Id.
(quoting Mobil Exploration & Producing U.S., Inc., 810 S.W.2d
at 890).  Those in privity include (1)
those who control an action although not a party to it; (2) those whose
interests are represented by a party to the action; and (3) successors in
interest.  Id. (citing Mobil
Exploration & Producing U.S., Inc., 810 S.W.2d at 890).  The record in this case fails to show that
Westmoreland is in privity with Allegheny such that the trial court’s judgment
affects any property interest of his, nor does it reveal that he is a successor
in interest to Allegheny.  See id.  The record also fails to show that Westmoreland
has any interest as a surety in the bail bond. 
See id. 
Thus, we conclude that Westmoreland is not in privity through virtual
representation with Allegheny.  Because
Westmoreland was not a party to the lawsuit, we conclude that he has not
demonstrated standing to pursue a restricted appeal.  Therefore, we dismiss the restricted appeal
as to Westmoreland.

 

Defective Citation

   In
its first issue, Allegheny argues that the trial court erred in granting a
default judgment because the citation was defective in three ways.  First, Allegheny complains that a copy of the
judgment nisi was not attached to the citation as required by article
22.04 of the Texas Code of Criminal Procedure. 
Second, the citation did not notify Allegheny to appear and show cause
why the judgment nisi should not be made final as required by articles
22.03 and 22.04 of the Texas Code of Criminal Procedure.  Finally, the citation did not notify
Allegheny that the bond had been forfeited as required by article 22.03 of the
Texas Code of Criminal Procedure.  The
State argues that the contention that Allegheny was not served with the
judgment nisi is without merit, and that the judgment nisi
indicated that the bond was forfeited and that the judgment would become final
unless good cause was shown.

Applicable Law








  There
are no presumptions in favor of valid issuance, service, and return of citation
in the face of an attack on a default judgment by restricted appeal.  TAC Americas, Inc., 94 S.W.3d
at 319. For a default judgment to withstand direct attack, the record must show
strict compliance with the rules of service of citation.  Id.; GMR Gymnastics Sales,
Inc. v. Walz, 117 S.W.3d 57, 59 (Tex. App.–Fort Worth 2003, pet.
denied).  A plaintiff defending a default
judgment must show strict compliance with the procedural rules governing
citation and return of service. TAC Americas, Inc., 94 S.W.3d at
319.  In other words, it is the
responsibility of the one requesting service, not the process server, to see
that service is properly accomplished.  Laidlaw
Waste Systems, Inc. v. Wallace, 944 S.W.2d 72, 75 (Tex. App.–Waco 1997,
writ denied).  This responsibility
extends to assuring that service is properly reflected in the record.  Id.  Accordingly, when strict compliance is not
demonstrated, there is error on the face of the record, and reversal of the
judgment is warranted. Regalado Bail Bonds, 934 S.W.2d at
854.  “Strict compliance” means literal
compliance with the rules.  In re
Z.J.W., 185 S.W.3d 905, 908 (Tex. App.–Tyler 2006, no pet.). 

  Bond
forfeitures are entirely statutory.  Hubbard
v. State, 814 S.W.2d 402, 403 (Tex. App.–Waco 1991, no writ).  The statutory provisions concerning citations
in bond forfeitures are found in articles 22.03 and 22.04 of the Texas Code of
Criminal Procedure. See id.  Article 22.04 states as follows: 

 

A
citation shall be sufficient if it be in the form provided for citations in
civil cases in such court; provided, however, that a copy of the judgment of
forfeiture entered by the court, a copy of the forfeited bond, and a copy of
any power of attorney attached to the forfeited bond shall be attached to the
citation and the citation shall notify the parties cited to appear and show
cause why the judgment of forfeiture should not be made final. 

 

Tex. Code
Crim. Proc. Ann. art.
22.04 (Vernon Supp. 2006).

Analysis








     In
this case, the citation was a general citation and appeared to be the form for
civil citations used in the trial court. 
However, the citation failed to notify the parties to appear and show
cause why the judgment of forfeiture should not be made final as required by
article 22.04 of the Texas Code of Criminal Procedure.  We agree with the Waco court that this
language is mandatory.   Hubbard,
814 S.W.2d at 404.  The State argues that
the judgment nisi contained the language mandated by article 22.04 and
that a copy of the judgment nisi was attached to the citation.  However, attaching a copy of the judgment nisi
to the citation, even though the judgment includes the statutorily mandated
language, is insufficient to meet the mandatory requirement that the citation
notify the parties to appear and show cause. 
See id. 








   Moreover,
the record does not show that a copy of the judgment nisi was attached
to the citation.  Nonetheless, the State
contends that the final judgment stated that Allegheny was served with citation
and a copy of the judgment nisi and that, absent a contrary indication
in the record, compliance with the code of criminal procedure is presumed.  As we previously explained, there are no
presumptions in favor of valid issuance, service, and return of citation in the
face of an attack on a default judgment by restricted appeal.  See TAC Americas, Inc.,
94 S.W.3d at 319.  Thus, we cannot
presume that a copy of the judgment  nisi was attached to the
citation and served on Allegheny.  See
id.  Because the
citation served on Allegheny did not contain the mandatory language of article
22.04 and the record did not affirmatively show that a copy of the judgment nisi
was attached to Allegheny’s citation as required by article 22.04, the default
final judgment rendered against Allegheny was improper.  Allegheny’s first issue is sustained.  Because Allegheny’s first issue is
dispositive, we need not consider its remaining arguments.

 

Disposition

   Having
found that Westmoreland had no standing to appeal, we dismiss his
restricted appeal for want of jurisdiction. Having sustained Allegheny’s first
issue, we reverse the trial court’s default final judgment as to
Allegheny and remand the cause for a new trial.

                                                                                         JAMES T. WORTHEN    

                                                                                                     Chief Justice

 

Opinion delivered March 7, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

   

 

   

(PUBLISH)