Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

Nos. 04-10-00610-CV & 04-10-00611-CV

**GATOR LICENSING, LLC**, Old Warrior Investments, LLC, and GI Innovations, LLC,
Appellants

v.

C. **MACK**, an Individual, on behalf of himself as an individual, and/or in a derivative capacity
on behalf of IHT Technology Inc., a Nevada Corporation,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-17190
Honorable Larry Noll, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  August 10, 2011

AFFIRMED

In two separate appeals, Gator Licensing, LLC, Old Warrior, LLC, and GI Innovations, LLC seek to challenge a final judgment to which they are not named parties by establishing either: (1) that the trial court abused its discretion in denying their post-judgment petition in intervention; or (2) that they are entitled to challenge the judgment in a restricted appeal under the doctrine of virtual representation. Because the two appeals involve overlapping issues, we

address the issues raised in both appeals in a single opinion. We affirm the trial court's judgment and its order striking the petition in intervention.

## BACKGROUND

C. Mack sued numerous defendants, including K. Harris R&D, LLC, for breach of numerous loan agreements, fraud, and fraudulent transfer. C. Mack sued individually and in a derivative capacity as a shareholder of IHT Technology, Inc. After a week-long jury trial, the jury found in favor of C. Mack on his claims, including a claim involving the fraudulent transfer of intellectual property from IHT to K. Harris R&D, LLC. The trial court signed a final judgment on March 11, 2010 which, among other provisions, declared the transfer of the intellectual property from IHT to K. Harris R&D, LLC to be void. The judgment required the defendants to execute all legal transfers of the intellectual property to IHT as may be necessary to effectuate the judgment.

On May 27, 2010, Gator Licensing, Old Warrior, and GI Innovations filed a petition in intervention, seeking to set aside the portions of the trial court's judgment relating to the intellectual property. Gator Licensing and Old Warrior sought to intervene on the basis that they are members of K. Harris R&D, LLC, and GI Innovations sought to intervene based on its relationship with K. Harris R&D, LLC, including its licensing of the intellectual property transferred from IHT. C. Mack filed a motion to strike the petition in intervention, and following a hearing, the trial court verbally announced that the petition was stricken. The trial court signed a written order evidencing its ruling on March 22, 2011. Gator Licensing, Old Warrior, and GI Innovations filed a timely appeal of the trial court's order striking their petition in intervention. In addition, Gator Licensing, Old Warrior, and GI Innovations filed a timely notice of restricted appeal.

**PETITION IN INTERVENTION**

Rule 60 of the Texas Rules of Civil Procedure provides, "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of a party." TEX. R. CIV. P. 60. We review a trial court's decision to strike a party's intervention under an abuse of discretion standard. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 722 (Tex. 2006). Although the trial court has broad discretion in determining whether an intervention should be stricken, it is an abuse of discretion to strike a plea in intervention if: (1) the intervenor could have brought some or all of the same action in his own name, or, if the action had been brought against the intervenor, he could have defeated the action in whole or in part; (2) intervention would not complicate the case by excessive multiplication of the issues; and (3) intervention is almost essential to protect the intervenor's interest. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *Orion Refining Corp. v. UOP*, 259 S.W.3d 749, 777 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

While the Texas Rules of Civil Procedure do not impose a deadline for intervention, the general rule is that a party may not intervene after final judgment unless the judgment is set aside. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008); *In re Lumbermens Mut. Cas. Ins. Co.*, 184 S.W.3d at 725; *State v. Naylor*, 330 S.W.3d 434, 438 (Tex. App.—Austin 2011, pet. filed). The petition in intervention in this case was filed over two months after the trial court signed the final judgment.[1] Because the petition was filed after the rendition of a final judgment, it was untimely. *See Ledbetter*, 251 S.W.3d at 36; *Naylor*, 330 S.W.3d at 438-39. Moreover, the primary basis for the intervention was to assert rights as members of or under agreements with K. Harris R&D, LLC that are separate from the claims resolved by the jury in

---

[1] Although the petition was filed over two months after the rendition of final judgment, the trial court retained plenary jurisdiction because the defendants in the underlying cause filed a timely motion for new trial.

the underlying case. Given that a week-long jury trial had been completed over two months prior to the filing of the petition in intervention, the trial court could have determined that the intervention would complicate the case by excessive multiplication of the issues. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Orion Refining Corp.*, 259 S.W.3d at 777. Accordingly, the trial court did not abuse its discretion in striking the petition in intervention.

**RESTRICTED APPEAL**

A. Standing

Generally, a restricted appeal is available only to parties of record, so that non-parties who have not properly intervened in the trial court lack standing to pursue an appeal of the trial court's judgment. *Naylor*, 330 S.W.3d at 438; *Johnson v. Johnson*, 841 S.W.2d 114, 115 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Mobil Exploration & Producing U.S., Inc. v. McDonald*, 810 S.W.2d 887, 889 (Tex. App.—Beaumont 1991, writ denied). However, an unnamed party may have standing to pursue a restricted appeal if the party was "virtually represented" by a named party. *Naylor*, 330 S.W.3d at 439; *Johnson*, 841 S.W.2d at 115; *Mobil Exploration & Producing U.S., Inc.*, 810 S.W.2d at 889. In order to claim virtual representation, an appellant must show: (1) it is bound by the judgment; (2) its privity of estate, title, or interest appears from the record; and (3) there is an identity of interest between the appellant and a named party to the judgment. *In re Lumbermens Mut. Cas. Inc. Co.*, 184 S.W.3d at 722; *Naylor*, 330 S.W.3d at 439.

GI Innovations contends it was virtually represented because: (1) K. Harris R&D, LLC is one of its members; and (2) K. Harris R&D, LLC licensed the patents transferred from IHT to GI Innovations. GI Innovations cites no legal support for its contention that it would be bound by a judgment against one of its members. Typically, a company could be bound by a judgment

against a shareholder or member only through a theory of "outsider reverse corporate veil piercing." *See Wilson v. Davis*, 305 S.W.3d 57, 70 (Tex. App.—Houston [1st Dist.] 2009, no pet.). No party to the underlying lawsuit, however, sought to hold GI Innovations liable for the actions of K. Harris R&D, LLC. Based on the record presented, GI Innovations is a separate legal entity from its members, and we find no support in the law or in the record for the proposition that GI Innovations would be bound by a judgment against one of its members.

Similarly, we find no support for the proposition that GI Innovations would be bound by a judgment against K. Harris R&D, LLC by virtue of its licensing agreement. *See E.W. Bliss Co. v. U.S.*, 253 U.S. 187, 192 (1920) (a licensee has no ownership interest in a patent). Although a licensee may be indirectly affected by a judgment rendered against a licensor, GI Innovations has cited no law to support the proposition that licensees are bound by a judgment rendered against a licensor such that the licensor virtually represents all of its licensees in lawsuits brought against the licensor. Accordingly, GI Innovations failed to establish that it has standing to bring a restricted appeal challenging the trial court's judgment.[2]

B. Necessary Parties and Service

Gator Licensing and Old Warrior contend they were virtually represented because they are members of K. Harris R&D, LLC. We have found case law to support the proposition that shareholders of a corporation are in privity with the corporation as to all corporate matters and are bound by a decree against the corporation. *Western Inn Corp. v. Heyl*, 452 S.W.2d 752, 760 (Tex. Civ. App.—Fort Worth 1970, writ ref'd n.r.e.); *see also Donzis v. Immudyne, Inc.*, No. 04-

---

[2] We note that even if GI Innovations could establish standing, its argument that it was a necessary party to the proceeding below would likely fail because K. Harris R&D, LLC retained the right to license its intellectual property to other licensees. *See Caldwell Mfg. Co. v. Unique Balance Co.*, 18 F.R.D. 258, 261-62 (S.D.N.Y. 1955) (stating bare licensee is not a necessary party to a suit in which a licensor seeks to protect its ownership interest; *see also Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995) (describing lack of standing or property interest a mere licensee has and comparing license to mere privilege that protects licensee against a claim of infringement by the licensor).

00-00685-CV, 2001 WL 913977, at *2 (Tex. App.—San Antonio Aug. 15, 2001, no pet.) (not designated for publication); *but see Tex. Capital Sec. Mgmt., Inc. v. Sandefer*, 80 S.W.3d 260, 266 (Tex. App.—Texarkana 2002, pet. stricken) (asserting party's mere status as shareholder is insufficient to establish privity). Because members of a limited liability company are comparable to shareholders of a corporation, it would appear to follow that they are similarly bound by a judgment against and in privity with the company. *See Western Inn Corp.*, 452 S.W.2d at 760; *see also Donzis v. Immudyne, Inc.*, 2001 WL 913977, at *2. However, we have found no law to support the proposition that a shareholder is entitled to bring a restricted appeal challenging a judgment against a corporation based on the doctrine of virtual representation. Because Gator Licensing and Old Warrior cannot prevail on the merits of their restricted appeal for the reasons stated below, we will simply assume for purposes of this appeal that Gator Licensing and Old Warrior have standing to bring the restricted appeal.

Gator Licensing and Old Warrior argue the judgment should be reversed because they were necessary parties and were not served with citation. Because title ownership to property owned by a corporation rests in the corporation and not in any individual shareholder, the shareholders of a corporation are not necessary parties to a lawsuit against the corporation. *Western Inn Corp.*, 452 S.W.2d at 760. Similarly, a member of a limited liability company does not have an interest in any specific property of the company. TEX. BUS. ORGS. CODE ANN. § 101.106(b) (West Pamp. 2010). It therefore follows that just as a shareholder is not a necessary party to a lawsuit against a corporation, a member of a limited liability company is not a necessary party to a lawsuit against the company. *See Western Inn Corp.*, 452 S.W.2d at 760.

## CONCLUSION

The trial court's order striking the petition in intervention and the trial court's final judgment are affirmed.

Catherine Stone, Chief Justice