**Opinion issued May 1, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00750-CV

———————————

**KENSINGTON PARK HOMEOWNERS ASSOCIATION, INC., Appellant**

**V.**

**KARL NEWMAN, Appellee**

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2011-13604**

---

## MEMORANDUM OPINION

This is a restricted appeal from a no-answer default judgment. Appellant Kensington Park Homeowners Association, Inc. argues that the trial court erred in entering a default judgment in favor of plaintiff-appellee Karl Newman because the return of service did not strictly comply with the Texas Rules of Civil Procedure.

Newman argues that we lack jurisdiction over this restricted appeal, as appellant is not the party against whom the default judgment was taken.

We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

This appeal involves a lawsuit by a condominium owner, Newman, against a homeowners' association. As a condition of owning several condominium units in Kensington Park Condominiums, Newman is obligated to pay monthly dues. In exchange, the homeowners' association is required, among other things, to maintain common areas and utilities, provide insurance, pay governmental fees, and hold regular board of directors' meetings.

### A. The Previous Dispute

A previous dispute about whether the homeowners' association was fulfilling these obligations led to Newman's discontinuing payment of his dues and to the homeowners' association, in turn, attempting to foreclose on Newman's properties. Newman and another homeowner obtained an injunction against the homeowners' association, and the dispute was ultimately resolved through a settlement agreement in late 2006. That settlement agreement identified the homeowners' association as "The New Kensington Park Homeowners Association, a non-profit corporation, dba Kensington Park Homeowners Association, chartered under the laws of the State of Texas on September 6, 2006."

**B.      The Underlying Lawsuit**

In March 2011, Newman sued, alleging that the homeowners' association failed to fulfill certain terms of the settlement agreement and therefore breached the contract.  He brought claims for breach of fiduciary duty, breach of contract, and intentional infliction of emotional distress, seeking $250,000 in actual damages, punitive damages, attorneys' fees, costs of court, and prejudgment and post-judgment interest.  His petition identified the defendant as "New Kensington Park Homeowners Association Inc. d/b/a Kensington Park Homeowners Association."

**C.      The Default Judgment**

No answer was filed.  On August 8, 2011, Newman filed a motion for default judgment seeking actual damages for breach of contract, plus attorneys' fees, interest, and court costs.  On May 21, 2012, following an unrecorded hearing, the trial court signed a Final Default Judgment awarding to Newman actual damages, attorneys' fees, costs, and post-judgment interest against "Defendant New Kensington Park Homeowners Association, Inc. D/B/A Kensington Park Homeowners Association."

On August 15, 2012, "Kensington Park Homeowners Association, Inc." filed a Notice of Restricted Appeal.  That notice of appeal acknowledges that it is not

the actual entity against which judgment was taken, but appellant nonetheless requests that we review for error on the face of the record:

> Although Kensington is incorrectly named in this suit and thus not the entity against whom the Final Default Judgment was taken, Kensington has determined that it is the intended party against whom the suit was filed and is a party directly affected by the final Default Judgment as Plaintiff Karl Newman is seeking to enforce the Final Default Judgment—which he unlawfully obtained against it and has expressed an intent to execute on property managed by Kensington and owned by its members.

In response, Newman has filed a Motion to Dismiss and Plea to the Jurisdiction. According to Newman, appellant's admission that it is "not the entity against whom the Final Judgment was taken" is a judicial admission that Appellant lacks standing to bring a restricted appeal challenging it.

## RESTRICTED APPEAL

Generally, if a defendant does not timely file an answer and a return of service has been on file for ten days, the plaintiff may take judgment by default. *See* TEX. R. CIV. P. 107(h) & 239. The defendant can prevail on a restricted appeal challenging that default judgment only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c) & 30; *Ins. Co. of Pa. v. Lejeune*, 297

4

S.W.3d 254, 255 (Tex. 2009) (per curiam). "These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met." *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

## ISSUES ON APPEAL

In five issues, appellant complains of errors in the service of process, mathematical errors in the damages calculation, and a variance between the pleadings and judgment. In response, Newman contends that Kensington Park lacks standing to bring this appeal, and that Kensington Park's arguments on the merits should be rejected.

## IS APPELLANT A "PARTY TO THE UNDERLYING SUIT"?

A well-settled requirement of a restricted appeal is that the appellant be a party to the underlying suit. TEX. R. APP. P. 30; *e.g.*, *Vazquez v. Vazquez*, 292 S.W.3d 80, 83 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 720 (Tex. App.—Houston [1st Dist.] 2003, no pet.)[1] Here, appellant concedes it was "incorrectly named in this suit and thus not the entity against whom the Final Default Judgment was taken." It argues,

---

[1] An exception to this rule applies when the nonparty appellant can show itself "to be 'one whose privity of estate, title or interest appears from the record of the cause in the court below,' or one who is the legal representative of such party." *Johnson v. Johnson*, 841 S.W.2d 114, 115 (Tex. App.—Houston [14th Dist.] 1992, no pet.). Appellant has not argued that this exception applies, and nothing in the trial court record supports its application.

5

however that, under general standing principles, it "has a sufficient relationship with the lawsuit" to have a justiciable interest in its outcome, *see Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005), such that we should deem it a "party" for purposes of satisfying this restricted-appeal element. We disagree.

Default judgment was entered against "Defendant, New Kensington Park Homeowners Association, Inc. D/B/A Kensington Park Homeowners Association." According to appellant Kensington Park Homeowners Association, Inc., it is *not* a D/B/A or assumed name of *New* Kensington Park Homeowner's Association, Inc. Moreover, appellant acknowledges that this is not a case of misnomer (i.e., where the correct defendant's name is simply misspelled or otherwise erroneous). Rather, appellant represents that "Kensington Park Homeowners' Association, Inc." (appellant here), and "New Kensington Park Homeowners' Association" (the subject of the trial court's judgment) are "two entities. . . separate and apart from one another and were established at different times." Their common thread is that each "has at one time, provided property management serves to the same community of condominiums."

According to appellant, "New Kensington Park is no long in existence" and, thus, Newman is "seeking to enforce the Final Default Judgment" against appellant and has "expressed an intent to execute on property managed by [appellant] and owned by its members." But Newman never sued appellant. Thus, appellant

6

Kensington Park Homeowners' Association, Inc. was "not a party before the trial court, and we have no jurisdiction over it now." *Ibrahim v. Young*, 253 S.W.3d 790, 800 (Tex. App.—Eastland 2008, pets. denied) (dismissing defendant/appellant "Kreit PA" from direct appeal, because only "Dr. Kreit" and "Camil Kreit M.D., P.A." were actually sued in the trial court).

Because appellant "was not a party to the underlying suit . . . we conclude we lack jurisdiction over this restricted appeal." *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.).

## CONCLUSION

We dismiss the appeal for want of jurisdiction.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.